369 So.2d 1335 (1979)
Donald A. BREAUX and Julia A. Breaux
v.
GOVERNMENT EMPLOYEES INSURANCE COMPANY and Traders and General Insurance Company.
No. 63383.
Supreme Court of Louisiana.
April 9, 1979.
*1336 Michael J. Samanie, Robert L. Barrios, Law Offices of Michael J. Samanie, Houma, for plaintiff-applicants.
Watson, Blanche, Wilson & Posner, Baton Rouge, for Government Emp. Ins. Co.
E. Ross Buckley, Jr., Hebert, Abbott & Horack, New Orleans, for Traders and General Ins. Co.
MARCUS, Justice.
Donald A. Breaux and Julia A. Breaux instituted this action against Government Employees Insurance Company (GEICO) to recover damages for the death of their daughter, Mary Ann Breaux, resulting from an automobile accident.
It is alleged that Mary Ann Breaux was a guest passenger in an automobile operated by Gayle M. Ayo and insured under a policy issued by GEICO to Samuel L. Ayo at the time of the accident. Liability limits of the GEICO policy were $50,000 per person and $100,000 per accident; the policy also contained uninsured motorist coverage in the same amounts.
By supplemental and amended petition, plaintiffs named Traders and General Insurance Company (Traders) as a defendant, alleging that, at the time of the accident, Traders had a policy in effect covering motor vehicles owned by plaintiffs which provided uninsured motorist coverage in the amount of $20,000 per person and $40,000 per accident. Plaintiffs alleged that, because their damages might exceed the limits of liability coverage under the GEICO policy, they were entitled to recover pursuant to the uninsured motorist coverage under the policy issued by Traders to them. Plaintiffs also named Gayle M. Ayo (host driver) as a defendant.
Prior to trial, plaintiffs settled their claims against GEICO for $39,700 and released GEICO from all claims arising out of the accident. The release expressly relinquished all of plaintiffs' claims against GEICO under both the liability and uninsured motorist provisions of its policy. The payment received by plaintiffs from GEICO was a portion of the liability coverage of GEICO's policy, the remainder of the $100,000 liability limit having been depleted through settlement with other parties injured in the accident. Plaintiffs proceeded with their claim against Traders and Gayle M. Ayo.
Traders answered generally denying the allegations in plaintiffs' petition and further answered alleging that the GEICO policy (issued with respect to the Ayo vehicle) afforded uninsured motorist protection to Mary Ann Breaux, a guest passenger in the Ayo vehicle and deceased daughter of plaintiffs. Traders contended that the uninsured motorist coverage under the GEICO policy was primary and that any uninsured motorist coverage under the Traders policy was excess, becoming effective only after the primary uninsured motorist coverage provided by the GEICO policy had been exhausted. Because plaintiffs released GEICO from all liability under the uninsured motorist coverage of GEICO's policy, Traders argued that it must be given credit for the amount of GEICO's uninsured motorist coverage which was not pursued by plaintiffs.[1] In addition, Traders third partied Gayle M. Ayo, alleging that, because *1337 her negligence was the sole cause of the accident, it should be allowed recovery against her for any sums recovered by plaintiffs against Traders.
The trial was limited to the issues of quantum and coverage by Traders as Gayle M. Ayo's negligence had been stipulated prior to trial. The trial court rendered judgment in favor of plaintiffs and against Traders in the sum of $76,904.65 pursuant to the uninsured motorist coverage under the policy issued by Traders to plaintiffs. The judgment, however, credited Traders for the amount received by plaintiffs in settlement with GEICO, thus resulting in an award against Traders in the sum of $37,204.65. Judgment was granted in favor of Traders and against the third party defendant, Gayle M. Ayo, in the full sum of $37,204.65.
The court of appeal reversed the judgment of the trial court. Although the terms of the GEICO policy expressly excluded uninsured motorist coverage to plaintiffs under the facts of this case, the court noted that La.R.S. 22:1406D(2)(b) includes within the definition of an uninsured motor vehicle "an insured motor vehicle when the automobile liability insurance coverage on such automobile is less than the amount of damages suffered by an insured and/or the passengers in the insured's vehicle at the time of [the] accident . . .." Therefore, since the collective damages sustained by the passengers in the Ayo vehicle exceeded GEICO's liability coverage, the Ayo vehicle was statutorily defined as an uninsured vehicle. Accordingly, plaintiffs could recover under both the liability and uninsured motorist coverage of the GEICO policy, making the uninsured motorist coverage under the Traders policy excess to these coverages. Finally, since the limits of GEICO's primary uninsured motorist coverage were $50,000 per person and $100,000 per accident, by analogous consideration of the settlement effected by plaintiffs and GEICO under GEICO's identical liability coverage, plaintiffs' share under the primary uninsured motorist coverage would have been at least $39,700. Therefore, Traders, as excess insurer, was entitled to a credit of said amount against the judgment in favor of plaintiffs. Since the judgment in favor of plaintiffs was in the amount of $37,204.65, the court concluded that the judgment of the trial court had to be reversed.[2] On application of plaintiffs, we granted certiorari to review the correctness of this decision.[3]
The sole issue presented for our consideration is whether the GEICO policy (issued with respect to the Ayo vehicle) affords uninsured motorist coverage to plaintiffs' daughter (a guest passenger in the Ayo vehicle) when the sole cause of the accident was the negligence of the host driver of that vehicle. If we find that our uninsured motorist statute (La.R.S. 22:1406) mandates such coverage, then Traders would be entitled to the credit allowed by the court of appeal.
It is conceded by the parties before us that the terms of the GEICO policy exclude uninsured motorist protection under the facts presented here.[4] However, it *1338 is well settled that our uninsured motorist statute embodies public policy and, thus, any clause in a policy in derogation of the mandatory requirements set forth in the statute is invalid insofar as it conflicts with the statute. See Seaton v. Kelly, 339 So.2d 731 (La.1976); Deane v. McGee, 261 La. 686, 260 So.2d 669 (1972); Graham v. American Casualty Co. of Reading, Pa., 261 La. 85, 259 So.2d 22 (1972). Hence, we must determine whether the clause in the GEICO policy which denied uninsured motorist coverage to plaintiffs in the instant case is invalid as being in derogation of the mandatory requirements set forth in our uninsured motorist statute.
Although, as noted by the court of appeal, La.R.S. 22:1406D(2)(b) (as amended by Act 154 of 1974) includes within the definition of an uninsured motor vehicle a statutorily defined under insured motor vehicle, this provision must be read in light of other pertinent provisions of our uninsured motorist statute and cannot be interpreted in isolation. One such provision is La.R.S. 22:1406D(1)(a) which provides in pertinent part:
No automobile liability insurance covering liability arising out of the ownership, maintenance, or use of any motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto, in not less than the limits of bodily injury liability provided by the policy, . . . for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured or underinsured motor vehicles because of bodily injury, sickness, or disease, including death, resulting therefrom. . . . (emphasis added)
In our view, the intent and effect of this provision is plain. A person insured under the uninsured motorist provision of a particular policy delivered or issued for delivery in this state with respect to a motor vehicle registered or principally garaged in this state must establish that he is legally entitled to recover damages from the owners or operators of uninsured or underinsured motor vehicles in order to obtain coverage thereunder. As to coverage under the uninsured motorist provisions of a particular policy, the statute thus contemplates two distinct motor vehicles: the motor vehicle with respect to which uninsured motorist coverage is issued and the "uninsured or underinsured" motor vehicle. In addition, as to each policy containing uninsured motorist coverage, the statute distinguishes between the person insured under the policy in question and the owner or operator of the uninsured or underinsured motor vehicle.
Traders contends that the uninsured motorist provision of the GEICO policy (issued with respect to the Ayo vehicle) afforded coverage to plaintiffs' daughter (a guest passenger in the Ayo vehicle) for damages occasioned by Gayle M. Ayo's (the host driver's) negligence. This contention is fallacious in that it necessarily characterizes Gayle M. Ayo (the host driver) as both a "person insured" and "an owner or operator of [an] uninsured or underinsured motor vehicle" under the uninsured motorist coverage of the GEICO policy. Such argument additionally characterizes the Ayo vehicle as both the motor vehicle with respect to which GEICO's uninsured motorist coverage was issued and the "uninsured or underinsured motor vehicle" contemplated by GEICO's uninsured motorist coverage. This result ignores implicit distinctions created by La.R.S. 22:1406D(1)(a) between (1) persons insured under a particular policy affording uninsured motorist coverage and owners or operators of uninsured or underinsured motor vehicles and (2) the motor vehicle with respect to which such insurance is issued and the uninsured or underinsured motor vehicle.[5] It is thus apparent *1339 that our uninsured motorist statute does not mandate protection under the host driver's uninsured motorist coverage when the sole cause of the accident is the negligence of the host driver.
In sum, we hold that the clause in the GEICO policy which purports to deny uninsured motorist coverage to plaintiffs in the instant case is valid as it is not in derogation of the mandatory requirements set forth in our uninsured motorist statute. Hence, the court of appeal erred in allowing Traders a credit for the amount of GEICO's uninsured motorist coverage which plaintiffs failed to pursue.
As previously noted, plaintiffs sought recovery against Traders under a policy in effect at the time of the accident covering motor vehicles owned by plaintiffs which provided uninsured motorist coverage in the amount of $20,000 per person and $40,000 per accident. Plaintiffs conceded that the actual limits of uninsured motorist protection provided by the Traders policy were $5,000 per person and $10,000 per accident. They contended, however, that, because Traders failed to offer, verbally or in writing, the same limits of uninsured motorist coverage as that provided for liability coverage, uninsured motorist coverage should equal that of the liability limits, i. e., $10,000 per person and $20,000 per accident. In addition, plaintiffs argued that, as their Traders policy listed two separate automobiles, they were entitled to "stack" the uninsured motorist coverage of the policy, thereby providing uninsured motorist coverage limits of $20,000 per person and $40,000 per accident. Traders disputes these allegations. Moreover, the judgment of the trial court in favor of plaintiffs and against Traders was in the amount of $37,204.65 and in a like amount in favor of Traders on its third party demand against Gayle M. Ayo. Since the court of appeal did not reach these issues based upon its findings as aforesaid, we consider it more appropriate to remand the case to that court for it to determine and decide these issues.

DECREE
For the reasons assigned, the judgment of the court of appeal is reversed and the case is remanded to the court of appeal for further proceedings consistent with the views herein expressed.
NOTES
[1] Traders noted that plaintiffs settled with GEICO for $39,700; therefore, since GEICO's liability coverage had been exhausted, plaintiffs had available to them $50,000 primary uninsured motorist coverage under the GEICO policy which was not pursued by plaintiffs. Hence, Traders argued that, before any judgment could be rendered against it, judgment in favor of plaintiffs must be in excess of $89,700. Traders also third partied GEICO alleging that, because of the primary-excess relationship of the coverages provided by GEICO and Traders, GEICO would be liable for the full sum of any judgment rendered in favor of plaintiffs against Traders. At trial, Traders' third party demand against GEICO for indemnity was dismissed on GEICO's exception of no cause or right of action (presumably grounded upon the full release obtained by GEICO from plaintiffs).
[2] 364 So.2d 158 (La.App. 1st Cir. 1978).
[3] 365 So.2d 246 (La.1978).
[4] Part IV of the GEICO insurance policy issued to Samuel L. Ayo provides that GEICO will pay all sums which any insured shall be legally entitled to recover as damages from the owner or operator of an "uninsured automobile." The policy expressly excludes from the definition of an "uninsured automobile" an "insured automobile" (defined as an automobile described in the schedule as an insured automobile to which the bodily injury liability coverage of the GEICO policy applies). Since the Ayo vehicle, in which plaintiffs' daughter was a guest passenger, was listed as an insured vehicle under the GEICO policy, this vehicle could not also be an "uninsured automobile" for purposes of coverage under the uninsured motorist provisions of the GEICO policy.
[5] We note that, under the terms of the statute, a guest passenger is afforded coverage under the provisions of his own uninsured motorist coverage when he sustains injuries occasioned by the host driver's negligence and the host driver's liability insurance coverage is less than the amount of damages suffered by those having claims against the host driver's liability coverage. In such a case, the owner or operator of an underinsured motor vehicle (the host driver) is not a person insured under the guestpassenger's uninsured motorist coverage. In addition, the motor vehicle with respect to which the uninsured motorist coverage was initially issued (the guest passenger's motor vehicle) is not the underinsured motor vehicle (the host driver's motor vehicle). The same result is reached when the guest passenger seeks recovery against the host driver's uninsured motorist coverage when the accident is caused by the fault of an underinsured third party.