391 So.2d 50 (1980)
Bernadine B. COCO et al., Plaintiffs-Appellees,
v.
ALLSTATE INSURANCE COMPANY et al., Defendants-Appellants.
No. 7892.
Court of Appeal of Louisiana, Third Circuit.
November 12, 1980.
Provosty, Sadler & deLaunay, William H. deLaunay, Alexandria, for defendants-appellants.
Tucker L. Melancon, Marksville, for plaintiffs-appellees.
*51 Gold, Little, Simon, Weems & Bruser, Edward E. Rundell, Alexandria, for defendant-appellee.
Before DOMENGEAUX, GUIDRY and STOKER, JJ.
DOMENGEAUX, Judge.
Bernadine B. and Richard L. Coco seek damages for the wrongful death of their daughter, Cynthia Ann Coco. The facts are undisputed. On December 16, 1977, Cynthia, 17, was killed in an automobile accident while riding as a guest passenger in the front seat of a 1974 Chevrolet Vega owned by Prentiss P. St. Romain, and being driven with the permission of the owner by Paul M. St. Romain, Jr., the owner's younger brother.[1]
The trial court held that Paul M. St. Romain, Jr. was guilty of negligent conduct which caused the death of Cynthia Ann Coco. This finding has not been appealed.
At the time of the accident there was in full force and effect between Prentiss P. St. Romain and Allstate Insurance Company, a policy of liability insurance which was issued and delivered to Prentiss P. St. Romain in North Carolina. The Allstate policy provided coverage for bodily injury in the amount of $15,000.00 and also provided uninsured motorist (UM) protection in the same amount. The policy excluded from the definition of an "uninsured automobile" an insured automobile (i. e. the St. Romain vehicle). Also, Travelers Insurance Company issued a policy of insurance to the Cocos providing uninsured motorist coverage in the amount of $10,000.00.
Prior to trial, Allstate paid the Cocos $15,000.00 plus interest under the bodily injury coverage of the Allstate policy. After trial, the court, applying Louisiana law, held the Cocos were entitled to receive, in addition to the liability benefits, which were already paid, the UM benefits of $15,000.00.[2] The court reasoned that Allstate's exclusion of a vehicle with liability coverage from the definition of an uninsured vehicle was in derogation of the uninsured motorist statute, La.R.S. 22:1406(D), and would be given no effect. From that judgment Allstate has appealed.
The only issue before us is whether the Cocos may recover both liability and UM benefits under the Allstate policy insuring the 1974 Vega owned by Prentiss P. St. Romain.
Allstate relies upon Breaux v. Government Employees Insurance Company, 369 So.2d 1335 (La.1979) to support its contention that the trial court erred in holding the Cocos could recover under both the liability and the UM provisions of the Allstate policy; the Cocos cite Guillot v. Travelers Indemnity Company, 338 So.2d 334 (La.App. 3rd Cir. 1976), writ dismissed 341 So.2d 408, as authority for allowing this "double" recovery.
In Guillot, supra, Mrs. Guillot was injured in an accident while riding as a guest passenger in her husband's car. The accident resulted from the negligence of her husband, the host driver. The Travelers Indemnity Company, which insured Mr. Guillot's car, argued that certain exclusionary clauses in the policy precluded Mrs. Guillot's recovery under the UM provisions of the policy. Essentially, these exclusionary clauses provided that, with respect to UM coverage, an "uninsured highway vehicle" did not include an insured automobile. According to these clauses, Travelers reasoned, if a guest passenger was injured in an accident caused by the sole negligence of the insured (although under insured) host driver, the guest passenger could recover only under the liability provisions of the policy insuring the automobile driven by the host driver. We rejected Travelers argument in Guillot and found the exclusionary clauses to be in derogation of La.R.S. *52 22:1406(D)(1)(a) and (2)(b)[3] because they attempted to limit the class of tortfeasors against whom the policyholder was protected. Thus, we declared those clauses to be invalid and inoperative, 338 So.2d at 337, and allowed Mrs. Guillot to recover under both the liability and the UM provisions of her husband's policy.
In Breaux v. Government Employees Insurance Company, supra, the Louisiana Supreme Court faced for the first time the issue of whether a claimant could recover under both the liability and uninsured motorist provisions of the same automobile insurance policy. The Court examined La. R.S. 22:1406(D) and determined that an "insured vehicle" and an "uninsured vehicle" could not be the same vehicle. The Supreme Court observed:
"In our view, the intent and effect of this provision is plain. A person insured under the uninsured motorist provision of a particular policy delivered or issued for delivery in this state with respect to a motor vehicle registered or principally garaged in this state must establish that he is legally entitled to recover damages from the owners or operators of uninsured or underinsured motor vehicles in order to obtain coverage thereunder. As to coverage under the uninsured motorist provisions of a particular policy, the statute thus contemplates two distinct motor vehicles: the motor vehicle with respect to which uninsured motorist coverage is issued and the `uninsured or underinsured' motor vehicle. In addition, as to each policy containing uninsured motorist coverage, the statute distinguishes between the person insured under the policy in question and the owner or operator of the uninsured or underinsured motor vehicle." (Emphasis added) 369 So.2d at 1338.
The Supreme Court also, after a discussion of the provisions of the policy therein (which are substantially the same as those involved here) and La.R.S. 22:1406(D), stated:

"It is thus apparent that our uninsured motorist statute does not mandate protection under the host driver's uninsured motorist coverage when the sole cause of the accident is the negligence of the host driver." (Emphasis added) 369 So.2d at 1338-9.
The Supreme Court's decision in Breaux was contrary to our decision in Guillot which was cited favorably by the First Circuit in its decision in Breaux, 364 So.2d 158 (La.App. 1st Cir. 1978), reversed 369 So.2d 1335. The First Circuit's decision would have allowed the guest passenger to recover under both the liability and UM coverage of the host's policy. The Supreme Court, by rejecting the First Circuit's decision in Breaux (which was substantially the same as this Court's decision in Guillot), impliedly overrules our decision in Guillot.[4]
*53 Since, under Breaux, the UM statute does not mandate protection under the host driver's UM coverage when the sole cause of the accident is the negligence of the host driver, insurance companies are free to exclude such protection from the coverage afforded by their automobile insurance policies.
Such an exclusion exists under the instant facts. Under "Part 5. Protection Against Uninsured Motorists", the Allstate policy provides: "... the term `uninsured automobile' shall not include: (1) an automobile defined under Part 5 as an `insured automobile'". Part 5 defines "insured automobile" as: "(a) an owned automobile provided the use thereof is by or with the permission of the named insured ..." The involved vehicle (Prentiss St. Romain's 1974 Vega) was an owned vehicle driven with the permission of the named insured. Therefore, under express terms of the policy, the 1974 Vega could not be an uninsured (or underinsured) automobile. As this Court appreciates the Breaux case, this result is not prohibited by our uninsured motorist statute. Feeling obligated to follow the rationale of the Beaux case as decided by the Supreme Court, we conclude that the Cocos may recover only under the liability provisions of the host driver's policy; they may not recover under the UM coverage.
Allstate argues alternatively that North Carolina law, rather than Louisiana law, should apply. North Carolina's uninsured motorist statute expressly provides, in salient point: "... the term `uninsured motor vehicle' shall not include: a. a motor vehicle owned by the named insured ...." N.C. Gen.Stat. § 20-279.21(b)(3). Since the result would be the same whether North Carolina law, or Louisiana law, as interpreted by Breaux, is applied, the collateral issue of which state's law applies loses importance and does not merit further consideration.
For the above and foregoing reasons, the judgment of the District Court is reversed insofar as it requires Allstate Insurance Company to pay to Bernadine B. and Richard L. Coco the sum of $15,000.00 pursuant to the uninsured motorist coverage of the Allstate insurance policy. Accordingly, the judgment in favor of Bernadine B. Coco against Allstate Insurance Company is reduced from $20,000.00 to $10,000.00, and the judgment in favor of Richard L. Coco against Allstate Insurance Company is reduced from $10,000.00 to $5,000.00. Allstate Insurance Company is to be given credit for any sums previously paid to plaintiffs Bernadine B. and Richard L. Coco. In all other respects the judgment of the District Court is affirmed.
Costs of this appeal are assessed against Bernadine B. and Richard L. Coco.
REVERSED IN PART, AFFIRMED IN PART, AND AMENDED.
NOTES
[1] At the time of the accident, Paul M. St. Romain, Jr. was a resident of his parents' household in Marksville, Louisiana. Prentiss P. St. Romain was not a member of his parents' household.
[2] The court also held that Travelers' uninsured motorist coverage applied. Travelers has not appealed so that portion of the judgment is not before us.
[3] La.R.S. 22:1406(D)(1)(a) and (D)(2)(b) provide as follows:

"D. The following provisions shall govern the issuance of uninsured motorist coverage in this state.
(1)(a) No automobile liability insurance covering liability arising out of the ownership, maintenance, or use of any motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto, in not less than the limits of bodily injury liability provided by the policy, under provisions filed with and approved by the commissioner of insurance, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured or underinsured motor vehicles because of bodily injury, sickness, or disease, including death, resulting therefrom; ....
* * * * * *
(2) .....
(b) For the purposes of this coverage the term uninsured motor vehicle shall, subject to the terms and conditions of such coverage, also be deemed to include an insured motor vehicle when the automobile liability insurance coverage on such vehicle is less than the amount of damages suffered by an insured and/or the passengers in the insured's vehicle at the time of an accident, as agreed to by the parties and their insurers or as determined by final adjudication." (Emphasis added).
[4] The author of the case under review also authored Guillot.