415 So.2d 582 (1982)
Polly Ann SHIPP, Plaintiff-Appellant,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE CO., Defendant-Appellee.
No. 8735.
Court of Appeal of Louisiana, Third Circuit.
May 26, 1982.
John W. Porterfield, Jeanerette, for plaintiff-appellant.
Gist, Methvin, Hughes & Munsterman, DeWitt T. Methvin, Jr., Alexandria, for defendant-appellee.
Before CULPEPPER, FORET and DOUCET, JJ.
FORET, Judge.
The sole issue presented for our consideration is whether the State Farm policy issued with respect to the Shipp vehicle affords uninsured motorist coverage to the plaintiff, daughter of Shipp (who was a guest passenger in the Shipp vehicle), when the sole cause of the accident was the negligence of the host driver of that automobile, in a case where the plaintiff has settled for the full liability policy limits of the insurer of the host driver, plus that of the Shipp's liability policy.
Polly Ann Shipp, on April 12, 1980, was a guest passenger in a 1974 Toyota automobile owned by her parents, Mr. and Mrs. Louis V. Shipp, Jr., which automobile was being driven at the time of the accident by Margaret L. Hemingway. The sole alleged cause of the accident was the negligence of Margaret L. Hemingway.
At the time of the accident, State Farm Mutual Automobile Insurance Company had issued a policy of automobile liability insurance to Louis V. Shipp, Jr., with per person bodily injury limits of $10,000, medical payment insurance limits of $5,000, and uninsured *583 motorist benefits for each person of $10,000. Coincidentally, State Farm had also issued to the parents of Margaret L. Hemingway, the driver, who was residing with her parents, a policy of automobile liability insurance affording per person liability insurance limits of $25,000.
Prior to the institution of this suit, plaintiff executed a release in favor of the Hemingways, her father, Louis V. Shipp, Jr., and State Farm Mutual Automobile Insurance Company for the $10,000 liability limits on the Shipp vehicle, $5,000 medical payments coverage on the Shipp vehicle, and the $25,000 liability limits on the Hemingway policy, for a total of $40,000. Plaintiff reserved her rights to pursue a claim against State Farm for the $10,000 uninsured motorist limits on the Shipp vehicle.
Following the execution of the restricted receipt and release, plaintiff instituted suit against State Farm claiming the $10,000 under the uninsured motorist coverage afforded in the Shipp policy. Defendant filed a motion for summary judgment which was sustained by the trial court, dismissing plaintiff's suit with prejudice. From this judgment plaintiff appeals.
State Farm claims that there is no UM coverage affordable to plaintiff under its policy provisions. The State Farm policy, under Part IV, Protection Against Uninsured Motorists, provides that the company agrees:
"To pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury * * * sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured automobile * * *".
Under Part IV, the definitions of the State Farm policy specifically exclude from the definition of an "uninsured automobile" an "insured automobile". An "insured automobile" thereunder is defined as an automobile described in the policy for which a specific premium charge indicates that coverage is afforded.
The vehicle which Ms. Hemingway was driving when the accident occurred was described in the policy issued to Mr. Shipp as an insured automobile to which State Farm provided bodily injury liability coverage. Since the vehicle which Ms. Hemingway was driving was an "insured automobile", it is excluded as an "uninsured automobile" under the policy definition.
Under the plain reading of this policy, State Farm provides no uninsured motorist coverage as to the plaintiff, and unless such policy provisions are contrary to law or public policy, they are the agreements between the parties.
In our opinion, the issue posed for decision in this case was initially decided by the Supreme Court in Breaux v. Government Employees Insurance Co., 369 So.2d 1335 (La.1979), Nall v. State Farm Mutual Insurance Company, 406 So.2d 216 (La.1981), and Coco v. Allstate Insurance Company, 391 So.2d 50 (La.App. 3 Cir. 1980). The rationale of these cases is dispositive of the issue involved herein. A guest passenger is not entitled to recover under both the liability and UM coverages in a situation such as the one at bar. In all three of those cases above mentioned, the guest passenger was allegedly injured or killed due to the negligence of the host driver. In all three of those cases, it was held that recovery could not be had under both liability and uninsured motorist coverages of the policy insuring the automobile involved in the accident, which was due to the host driver's negligence. This case presents an identical situation in theory.
The trial court judgment dismissing plaintiff's suit with prejudice is affirmed.
All costs of this appeal are assessed against plaintiff-appellant.
AFFIRMED.