665 So.2d 1312 (1995)
INSURANCE COMPANY OF NORTH AMERICA
v.
Cheryl PATTON, et al.
No. 95-CA-0732.
Court of Appeal of Louisiana, Fourth Circuit.
December 14, 1995.
*1313 Autley B. Newton, Hammond, for Intervenor/Appellant/John O'Connor.
C. Gordon Johnson, Jr., Charles L. Chassaignac, IV, Porteous, Hainkel, Johnson & Sarpy, New Orleans, for Defendant/Appellee/State Farm.
Before SCHOTT, C.J., and PLOTKIN and MURRAY, JJ.
PLOTKIN, Judge.
The sole issue in this appeal is whether an injured guest passenger in an automobile involved in an accident may recover under his host driver's uninsured motorist (UM) insurance policy when the host driver is the sole cause of the accident.
On October 19, 1991, intervenor John O'Connor suffered injuries in an accident between the automobile in which he was a guest passenger and another automobile. When the accident occurred, O'Connor was riding in a 1991 Chevrolet Pickup truck owned by M.G.I., Inc. and operated by Cheryl Patton. The automobile was travelling in the eastbound lane on Interstate 10 when it left the roadway, crossed the median and struck an automobile that was travelling in the westbound lane of Interstate 10. O'Connor's petition for intervention alleges that the accident "occurred solely as a result of the negligence of Cheryl Patton," his host driver.
O'Connor's petition in intervention, which was filed on August 13, 1993, sought coverage under both the liability and the UM portions of an automobile insurance policy covering the automobile issued by defendant State Farm Mutual Automobile Insurance Co. However, the liability portion of O'Connor's claim was previously dismissed on an exception of prescription; that dismissal was not appealed. In his petition, O'Connor alleges that the State Farm policy had limits in excess of the damages he is claiming.
After the dismissal of the liability claim, State Farm filed a motion for summary judgment on the UM claim, arguing that a guest passenger may not recover under the UM provisions of an insurance policy covering the automobile in which he is a passenger when the accident causing the passenger's injuries is caused solely by the fault of the host driver. The trial court granted the motion for summary judgment, dismissing O'Connor's suit; O'Connor appealed.
In the instant case, no "genuine issues of material fact" exist.[1] Thus, the only question is whether State Farm proved that it was entitled to judgment as a matter of law.
The State Farm insurance policy at issue in this case provides UM coverage for "damages which an insured is legally entitled to recover from the owner or operator of an uninsured motor vehicle." Further, the definition of "uninsured motor vehicle" expressly excludes "any vehicle or equipment ... [o]wned by or furnished or available for the regular use of [the named insured], a designated insured or a family member of either." Under the circumstances of this case, these provisions would exclude O'Connor from entitlement to UM coverage because no "uninsured motor vehicle" was involved in the accident which caused his injuries.
In Breaux v. Government Employees Insurance Co., 369 So.2d 1335 (La.1979), the Louisiana Supreme Court held that a guest passenger could not recover under the UM portion of an insurance policy for injuries sustained in an accident caused solely by the fault of his host driver. In that case, the Louisiana Supreme Court held that an uninsured motorist must logically be a different *1314 person from a passenger's host driver, stating as follows:
This contention is fallacious in that it necessarily characterizes [the host driver] as both a "person insured" and "an owner or operator of [an] uninsured or underinsured motor vehicle" under the uninsured motorist coverage of the [insurance] policy. Such argument additionally characterizes the Ayo vehicle as both the motor vehicle with respect to which GEICO's uninsured motor coverage was issued and the "uninsured or underinsured motor vehicle" contemplated by GEICO's uninsured motorist coverage. This result ignores implicit distinctions created by La.R.S. 22:1406(1)(a) between (1) persons insured under a particular policy affording uninsured motorist coverage and owners or operators of uninsured or underinsured motor vehicles and (2) the motor vehicle with respect to which such insurance is issued and the uninsured or underinsured motor vehicle.
The Breaux decision has been consistently followed by Louisiana courts. See Hart v. Allstate Insurance Co., 437 So.2d 823 (La. 1983); Nall v. State Farm Mutual Automobile Insurance Co., 406 So.2d 216 (La.1981); Clement v. Continental Insurance Co., 430 So.2d 1212 (La.App. 1st Cir.1983); Johnson v. Jackson, 504 So.2d 88 (La.App. 2d Cir.), writ denied, 506 So.2d 1230 (La.1987); Payne v. Old Hickory Insurance Co., 532 So.2d 956 (La.App. 5th Cir.1988), writ denied, 536 So.2d 1241 (La.1989); Gardner v. Allstate Insurance Co., 575 So.2d 883 (La. App. 2d Cir.), writ denied, 578 So.2d 139 (La.1991).
We find the above decisions controlling in the instant case. In oral argument before this court, O'Connor attempted to distinguish the above cases by arguing that they all interpreted insurance policy provisions and that the instant case is different.[2] However, the above quote from the Breaux case reveals the error in this argument. Obviously, the Breaux case and the cases applying Breaux were meant to interpret the UM statute.
Because Breaux holds that a guest passenger may not recover damages under the UM portion of his host driver's insurance policy, State Farm has shown that it is entitled to judgment as a matter of law. Accordingly, the trial court properly granted the motion for summary judgment in favor of State Farm and dismissed O'Connor's petition in intervention. The trial court judgment is therefore affirmed.
AFFIRMED.
NOTES
[1] O'Connor claims that the fact that the "declarations page" of the policy names "Rod Holland d/b/a MGI, Inc." while the vehicle in question is registered to MGI, Inc. is sufficient to raise such an issue. We disagree. The two names are not inconsistent, and thus the issue of fact is neither "genuine" nor "material" to the matter currently before this court.
[2] O'Connor failed to make this argument in brief, relying solely on his argument that the difference between the name in which the automobile was registered and the name of the "named insured" created a genuine issue of material fact sufficient to defeat summary judgment.