STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

06-374

IRVING CEASAR, ET AL.

VERSUS

SHERIFF SID HEBERT, ET AL.

**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 100030-A
HONORABLE GERARD B. WATTIGNY, DISTRICT JUDGE

**********

MARC T. AMY
JUDGE

**********

Court composed of Sylvia R. Cooks, John D. Saunders, and Marc T. Amy, Judges.

AFFIRMED.

Mark M. Gonzalez
Scheuermann and Jones
909 Poydras Street, Suite 2556
New Orleans, LA 70112
(504) 525-4361
COUNSEL FOR PLAINTIFF/APPELLANT:
    Jerry Corsey

Morris M. Haik, Jr.
209 French Street
New Iberia, LA 70562
(337) 560-4357
COUNSEL FOR DEFENDANT/APPELLEE:
    Iberia Parish Government

Joseph L. Ferguson
420 S. Iberia Street
Post Office Box 9804
New Iberia, LA 70560-9804
(337) 365-6789
COUNSEL FOR DEFENDANTS/APPELLEES:
    Sheriff Sid Hebert
    Glynn Reaux

**Noland J. Hammond**
**Post Office Box 1841**
**Alexandria, LA   71309**
**(318) 443-7191**
**COUNSEL FOR PLAINTIFFS/APPELLEES:**
 **Irving Ceasar**
 **Ronald Foster**

AMY, Judge.

The plaintiff appeals the decision of the trial court granting the defendants' motions for summary judgment. The plaintiff alleges that he is entitled to recover payment under the uninsured motorist provision of the defendants' insurance policy for damages he sustained in a motor vehicle accident. For the following reasons, we affirm.

## Factual and Procedural Background

The record indicates that on February 26, 2002, the plaintiff, Jerry Corsey, an inmate at the Iberia Parish Jail, voluntarily participated in a litter abatement program. He and three other inmates were passengers in a vehicle driven by Deputy Glynn Reaux, Iberia Parish Sheriff's Department, when it collided with another vehicle. The inmates filed a suit for damages, naming as defendants Deputy Reaux, Sheriff Sid Hebert, the Iberia Parish Government and its insurer, Commonwealth Insurance Company. Deputy Reaux and Sheriff Hebert filed motions for summary judgment, alleging that they were immune from tort liability under La.R.S. 15:708.[1] The Parish filed a motion for summary judgment, arguing that the plaintiffs were not under its authority and control, and therefore, it owed no duty of care to them. In its motion for summary judgment, Commonwealth contended that they were only liable if the

---

[1] Louisiana Revised Statutes 15:708(A)(1)(b) provides:

A prisoner, who participates in a litter abatement or collection program pursuant to this Paragraph, shall have no cause of action for damages against the sheriff conducting the program or supervising his participation therein, nor against any employee or agent of such sheriff, for any injury or loss suffered by him during or arising out of his participation in the program, if such injury or loss is a direct result of the lack of supervision or act or omission of the sheriff or his employee or agent, unless the injury or loss was caused by the intentional or grossly negligent act or omission of the sheriff or his employee or agent. The sheriff shall not be liable for any injury caused by the prisoner, unless the gross negligence or intentional act of the sheriff or his employee or agent was a substantial factor in causing the injury. No provision hereof shall negate the requirement to provide a prisoner with necessary medical treatment as statutorily required.

insured was legally obligated to pay. Following a hearing, the trial court granted the motions and also dismissed Deputy Reaux and Sheriff Hebert from the case.[2]

Corsey now appeals the granting of summary judgments in favor of the Parish and Commonwealth. He has designated the following as error:

> The trial court erred by dismissing the plaintiff's causes of action against Commonwealth Insurance Company, since Plaint[iff] was an insured, injured in the vehicle insured by Commonwealth, and no other insurance was available to him and no evidence was presented at the summary judgment hearing to counter these claims.

## Discussion

*Standard of Review & Summary Judgment*

An appellate court reviews motions for summary judgments *de novo* and employs the same criteria as the trial court in deciding whether summary judgment is appropriate. *Lafleur v. Aftco Enterprises, Inc.*, 05-127 (La.App. 3 Cir. 4/5/06), 927 So.2d 1200. "A motion for summary judgment will be granted 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law.' La.Code Civ.P. art. 966(B)." *Id.* at 1202.

> The mover bears the initial burden of proof to show that no genuine issue of material fact exists. However, if the mover will not bear the burden of proof at trial, he need not negate all essential elements of the adverse party's claim, but he must point out that there is an absence of factual support for one or more elements essential to the claim. La.Code Civ.P. art. 966(C)(2). Once the mover has met his initial burden of proof, the burden shifts to the nonmoving party to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden at trial. *Id.*

---

[2] In a previous appeal, Corsey challenged the judgments in favor of the Sheriff and his Deputy. Since these issues have been adjudicated in *Ceasar v. Hebert*, 05-1195 (La.App. 3 Cir. 4/5/06), 926 So.2d 139, we do not address them here.

> "Interpretation of an insurance contract is usually a legal question that can be properly resolved in the framework of a motion for summary judgment." *Robinson v. Heard*, 01-1697, p. 4 (La.2/26/02), 809 So.2d 943, 945.

*Id*. Furthermore, in *Mouton v. Thomas*, 05-926, p. 3 (La.App. 3 Cir. 3/1/06), 924 So.2d 394, 396 (citations omitted), this court held that a "[s]ummary judgment declaring no coverage under an insurance policy may only be rendered when there is no reasonable interpretation of the policy which would provide coverage under the undisputed facts of the case."

*Uninsured Motorist Coverage*

Corsey argues that as a passenger of the vehicle involved in the accident, he was a "user" of the vehicle and, thus , an "insured" under Commonwealth's insurance policy. He contends that because of "a lack of a remedy available to [him,] (the negligent defendant and his principal, the sheriff, are both immune) it is all the more important to approach this case with an eye toward determining, where there might be insurance coverage[.]" Corsey argues that, as an insured, he should be able to recover damages under the policy's uninsured/underinsured motorist (UM) provision. Therefore, he contends that his claims against Commonwealth remain "and the case should be remanded to allow them to be tried."

Although Corsey contends that he is an "insured" under Commonwealth's policy, as his argument here focuses on the uninsured motorist coverage, we turn directly to consideration of that argument. After review, we find no merit in his assertion that the policy afforded him with coverage under the UM provision. We first note that the policy's UM provision indicates that coverage shall be afforded "in accordance with the laws of the State I [sic] which the accident occurs." Accordingly,

3

we turn to La.R.S. 22:680[3], entitled "Uninsured Motorist Coverage," which provides that:

> (1)(a)(i) No automobile liability insurance covering liability arising out of the ownership, maintenance, or use of any motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle designed for use on public highways and required to be registered in this state or as provided in this Section unless coverage is provided therein or supplemental thereto, in not less than the limits of bodily injury liability provided by the policy, under provisions filed with and approved by the commissioner of insurance, for the protection of persons insured thereunder who are legally entitled to recover nonpunitive damages from owners or operators of uninsured or underinsured motor vehicles because of bodily injury, sickness, or disease, including death resulting therefrom . . . .

In *Breaux v. Government Employees Insurance Co.*, 369 So.2d 1335 (La.1979), the supreme court considered whether an insurance policy provided UM coverage to the passenger in a vehicle when the sole cause of the accident was the negligence of the host driver of that vehicle. In denying UM coverage in light of the UM coverage provision, the supreme court explained:

> In our view, the intent and effect of this provision [La.R.S. 22:1406(D)(1)(a)] is plain. A person insured under the uninsured motorist provision of a particular policy delivered or issued for delivery in this state with respect to a motor vehicle registered or principally garaged in this state must establish that he is legally entitled to recover damages [f]rom the owners or operators of uninsured or underinsured motor vehicles in order to obtain coverage thereunder. *As to coverage under the uninsured motorist provisions of a particular policy, the statute thus contemplates two distinct motor vehicles: the motor vehicle with respect to which uninsured motorist coverage is issued and the "uninsured or underinsured" motor vehicle.*

(Emphasis added).

Thus, even if insured, a determination we need not reach, Corsey is required to prove that a vehicle, other than the one for which UM coverage was issued, was uninsured or underinsured. *See Breaux*, 369 So.2d 1335. *See also Nall v. State Farm*

---

[3] At the time of the accident, the uninsured motorist provision was designated as La.R.S. 22:1406(D)(1)(a).

4

*Mut. Auto. Ins. Co.*, 406 So.2d 216 (La.1981); *Insurance Co. of N. Am. v. Patton*, 95-732 (La.App. 4 Cir. 12/4/95), 665 So.2d 1312; *Lang v. Econ. Fire & Cas. Co.*, 00-1634 (La.App. 3 Cir. 4/4/01), 783 So.2d 587.[4] Here, Corsey was a passenger in the vehicle for which UM coverage was issued. In light of *Breaux* and its progeny, which emphasize that the UM statutory scheme requires two distinct motor vehicles for UM recovery, Corsey's claim under the UM provision fails. It is clear from the jurisprudence that the vehicle on which the UM coverage is issued and the uninsured or underinsured vehicle, must be separate vehicles. He cannot claim that the covered vehicle was uninsured or underinsured. This is true regardless of the fact that the trial court determined that the liability portion of the policy does not provide coverage in this instance due to the immunity afforded by La.R.S. 15:708(A)(1)(b).

This assignment lacks merit.

### DECREE

For the foregoing reasons, the judgment of the trial court granting summary judgment in favor of the defendants, Iberia Parish Government and Commonwealth Insurance Company, is affirmed. All costs of this appeal are assessed against the plaintiff, Jerry Corsey.

**AFFIRMED.**

---

[4] We note that La.R.S. 22:680(1)(f) also contemplates two distinct motor vehicles for purposes of UM coverage:

Uninsured motorist coverage shall include coverage for bodily injury arising out of a motor vehicle accident caused by an automobile which has no physical contact with the injured party or with a vehicle which the injured party or with a vehicle which the injured party is occupying at the time of the accident, provided that the injured party bears the burden of proving, by an independent and disinterested witness, that *the injury was the result of the actions of the driver of another vehicle whose identity is unknown or who is uninsured or underinsured.* (Emphasis added).