STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

07-785


DIANA SUE RAMIREZ

VERSUS

STATE FARM MUTUAL AUTOMOBILE INSURANCE CO.


**********


APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2005-5069
HONORABLE DAVID KENT SAVOIE, DISTRICT JUDGE


**********


**ELIZABETH A. PICKETT**
**JUDGE**


**********


Court composed of Sylvia R. Cooks, Marc T. Amy, and Elizabeth A. Pickett, Judges.

**MOTION TO REMAND DENIED.  AFFIRMED.**

Jackson Burke Bolinger
Caffery Plaza, Suite 100
4023 Ambassador Caffery Parkway
Lafayette, LA 70503
(337) 988-7240
Counsel for Defendant-Appellee:
  State Farm  Mutual Automobile Insurance Company

Aaron Broussard
Broussard & Hart
1301 Common Street
Lake Charles, LA 70601
(337) 439-2450
Counsel for Plaintiff-Appellant:
  Diana Sue Ramirez

**PICKETT, Judge.**

The plaintiff, Diana Ramirez, appeals a judgment of the trial court granting an exception of prescription and a motion for summary judgment in favor of the defendant, State Farm Mutual Automobile Insurance Co. (State Farm).

## STATEMENT OF THE CASE

On August 7, 2003, Diana Ramirez was riding in a car driven by her husband, Kirk Tennison, when they were involved in a collision with another vehicle in Calcasieu Parish. The car was owned by Tennison's father, and he was driving the car with his father's permission. State Farm had issued an insurance policy on the vehicle, which included liability and uninsured/underinsured motorist (UM) coverage.

On May 18, 2005, Ramirez filed suit in an Oklahoma court against State Farm as the UM insurance carrier of the Tennison vehicle. In the petition, she acknowledges that the claim against State Farm as the liability insurer of the Tennison vehicle had prescribed. The suit was dismissed by the Oklahoma court on the grounds of *forum non conveniens* on August 26, 2005.

On October 24, 2005, Ramirez filed suit in Calcasieu Parish against Kirk Tennison and State Farm. The suit alleged that State Farm was liable as both the liability insurer and the UM insurer of the Tennison vehicle at the time of the collision. State Farm filed an exception of prescription, alleging that more than one year had passed since the date of the collision.

The trial court heard the exception of prescription on September 13, 2006. The trial court rendered a judgment dismissing State Farm in its capacity as the liability insurer of the Tennison vehicle on the grounds that the claim had prescribed. The

1

trial court also dismissed Tennison from the suit on the ground that he was immune from suit under the spousal immunity statute. Ramirez filed a motion for rehearing of the exception of prescription, which the trial court set for hearing on January 9, 2007. Meanwhile, State Farm filed a motion for summary judgment alleging there were no genuine issues of material fact and State Farm was entitled to judgment as a matter of law. The motion was scheduled to be heard on January 9, 2007.

On January 9, 2007, the trial court heard both the motion for rehearing filed by Ramirez and the motion for summary judgment filed by State Farm. The trial court denied the motion for rehearing and granted the motion for summary judgment. A judgment in conformity with its decision was signed on February 26, 2007. Ramirez now appeals.

Ramirez has filed a motion to remand with this court, asking for a remand to the trial court so that she may amend her petition. This motion has been referred to the merits.

## ASSIGNMENTS OF ERROR

The appellant, Diane Ramirez, asserts two assignments of error (footnotes omitted):

1.      The trial court failed to recognize that an amendment to Louisiana's UM statute nullifies Defendant's UM coverage exclusion and overrules *Breaux v. Government Employees Insurance Company*, 369 So.2d 1335 (La.1979). Consequently, the trial court dismissed Plaintiff's UM claim.

2.      The trial court failed to hold that Defendant's letters to Plantiff acknowledged liability sufficient to interrupt prescription. Further, the trial court failed to hold that notice of a pleading presenting a demand for which Defendant could be liable is sufficient to interrupt prescription. Consequently, the trial court dismissed Plaintiff's liability claim.

## DISCUSSION

2

In her first assignment of error, Ramirez alleges that an amendment to La.R.S. 22:680 has legislatively overruled the Louisiana Supreme Court's holding in *Breaux v. Government Employees Insurance Co.*, 369 So.2d 1335 (La.1979). Ramirez argues that she should be able to recover from the UM policy in effect at the time of the collision even though a clause in the policy expressly excludes the vehicle insured by the liability policy from the definition of "uninsured vehicle." The trial court determined the holding in *Breaux* was applicable to this case and that State Farm was entitled to summary judgment.

An appellate court reviews summary judgments *de novo*, and applies the same criteria as the trial court in deciding if summary judgment is appropriate. *Schroeder v. Bd. of Supervisors*, 591 So.2d 342 (La.1991). The supreme court discussed appellate review of summary judgments in *Duncan v. U.S.A.A. Insurance Co.*, 06-363, pp. 3-4 (La. 11/29/06), 950 So.2d 544, 546-547:

> A motion for summary judgment is a procedural device used when there is no genuine issue of material fact. The summary judgment procedure is favored and designed to secure the just, speedy, and inexpensive determination of every action and shall be construed to accomplish these ends. La. C.C.P. art. 966(A)(2). Appellate courts review summary judgments de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. *Schroeder v. Board of Supervisors of Louisiana State Univ.*, 591 So.2d 342, 345 (La.1991). A motion for summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue of material fact, and the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966.

In *Breaux*, the supreme court determined that it was not against public policy for an insurance contract for UM coverage to exclude from its definition of "uninsured vehicle" a vehicle insured by the bodily injury liability coverage of the same policy. The result was that the family of a woman killed while a guest

3

passenger in a vehicle insured by GEICO could recover from the liability portion of the policy, but was not an insured under the terms of the UM section of the policy.

Louisiana Revised Statutes 22:680 is the statute which requires that automobile liability insurance policies include uninsured motorist coverage. Before 2003, this statute was designated as La.R.S. 22:1406. The legislature amended the statute in 1987, eight years after the decision in *Breaux*, to add what became subsection 1(a)(iii) of La.R.S. 22:680. 1987 La.Acts No. 444, § 1. That amendment added the following language:

> (iii) This Subparagraph and its requirement for uninsured motorist coverage shall apply to any liability insurance covering any accident which occurs in this state and involves a resident of this state.

Ramirez argues that this language overrules *Breaux*. We disagree. The amendment requires that when an accident occurs in this state and involves a resident of this state, the requirements of La.R.S. 22:680 will be enforced, and any liability policy will be deemed to have UM coverage unless it has been properly rejected as required in the statute. In the instant case, the issue is not whether the Tennison vehicle was covered by a liability policy which included UM coverage, the issue is the scope of the UM coverage. We find that the holding in *Breaux* is applicable to the facts of this case, and the trial court properly granted the motion for summary judgment. As we find the issue of Kirk Tennison's residency is not an issue in this case, we also deny the motion to remand.

In her second assignment of error, Ramirez argues that the trial court improperly granted an exception of prescription as to the liability. The collision occurred on August 7, 2003. This suit was filed on October 24, 2005. Thus, the action was prescribed on its face, and the plaintiff bears the burden of proving

4

interruption or suspension of prescription. *Bailey v. Khoury*, 04-620 (La.1/20/05), 891 So.2d 1268.

Ramirez argues that prescription was interrupted initially by several letters from State Farm, which she argues admit liability. The last of those letters was sent on July 1, 2004. Thus, assuming those letters did interrupt prescription by acknowledgment, prescription would still have tolled on July 1, 2005. On May 18, 2005, Ramirez filed suit against State Farm in its capacity as UM carrier in Oklahoma. In that petition, Ramirez specifically states that the action against State Farm as liability insurer is time barred. The Oklahoma suit was dismissed on August 26, 2005.

We find that a petition which admits that an action is prescribed is insufficient to interrupt prescription as to that action for the purpose of filing a later suit. Therefore, even assuming for the sake of argument that the letters interrupted prescription so that prescription ran on July 1, 2005, the suit in this case is not timely. Thus, Ramirez's assignment of error lacks merit.

## CONCLUSION

The motion to remand is denied. The judgment of the trial court is affirmed. Costs of this appeal are assessed to the appellant, Diana Ramirez.

**MOTION TO REMAND DENIED. AFFIRMED.**

5