BROWN, Chief Judge,
dissenting.
| lUninsured/underinsured coverage is governed by La. R.S. 22:680. Subsection (l)(a)(iii) provides that UM coverage “shall apply to any liability insurance covering any accident which occurs in this state and involves a resident of this state.” Subsection (2)(b) provides that the term “uninsured motor vehicle” includes “an insured motor vehicle when the automobile liability insurance coverage on such vehicle is less than the amount of damages suffered by an insured and/or the passengers in the insured’s vehicle at the time of the accident ...”
In Louisiana, courts have not enforced insurance policy provisions that purport to limit UM coverage. The language of the statute as amended in 1987 after the Breaux and Nall decisions is clear and unambiguous.
The 1981 decision in Nall v. State Farm, supra, was a five to two decision. The dissenting opinion states at 406 So.2d 216, 220:
R.S. 22:1406 clearly contemplates under-insured motorist coverage for an insured who is a passenger in an underinsured vehicle, and is injured by the negligence of the host driver. That part of Breaux v. Government Emp. Ins. Co., 369 So.2d 1335 (La.1979) to the contrary is wrong. R.S. 22:1406(D)(2)(b) clearly provides for it:
For the purposes of this coverage the term uninsured motor vehicle shall, subject to the terms and conditions of such coverage, also be deemed to include an uninsured motor vehicle when the automobile liability insurance coverage on such vehicle is less than the amount of damages suffered by an insured and/or the passengers in the insured’s vehicle at the time of an accident, as agreed to by the parties and their insurers or as determined by final adjudication.
|2Obviously, in the 1987 amendment, the legislature agreed with the dissent.
The trial judge was correct in his scholarly and logical conclusion.