# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

**06-1449**


**DORA THOMPSON BROWN, ET AL.**

**VERSUS**

**RIVERLAND MEDICAL CENTER**


**\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
SEVENTH JUDICIAL DISTRICT COURT
PARISH OF CONCORDIA, NO. 37659
HONORABLE KATHY A. JOHNSON, DISTRICT JUDGE


**\*\*\*\*\*\*\*\*\*\***


**MARC T. AMY**
**JUDGE**


**\*\*\*\*\*\*\*\*\*\***


Court composed of Jimmie C. Peters, Marc T. Amy, and Elizabeth A. Pickett, Judges.


**AFFIRMED.**

**Jo Ann Nixon**
**Glenda M. August & Associates**
**Professional Square Building**
**129 West Pershing Street**
**New Iberia, LA   70560**
**(337) 369-7437**
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
     **Dora Thompson Brown, et al.**

**René J. Pfefferle**
**Watson, Blanche, Wilson & Posner**
**Post Office Box 2995**
**Baton Rouge, LA   70821-2995**
**(225) 387-5511**
**COUNSEL FOR DEFENDANT/APPELLEE:**
     **Riverland Medical Center**

AMY, Judge.

In this medical malpractice matter, the plaintiff appeals the trial court's granting of the defendant's motion for summary judgment. For the following reasons, we affirm.

**Factual and Procedural Background**

According to the petition for medical malpractice, the decedent, Laura King Thompson "was admitted to the defendant facility[, Riverland Medical Center (Riverland)] on or about December 8, 1998[,]" allegedly suffering from complications caused by a misplaced pacemaker. The plaintiffs, the decedent's heirs, contended that the decedent's condition deteriorated during her hospital stay, ultimately culminating in her death on December 18, 1998.

The plaintiffs filed a medical malpractice claim, which was reviewed by a Medical Review Panel. The Medical Review Panel rendered an opinion on April 4, 2001, in which it found that Riverland did not breach the applicable standard of care. The plaintiffs subsequently filed suit against Riverland on July 12, 2001. Riverland filed an answer on October 30, 2001 and a motion for summary judgment on May 12, 2005. A hearing on the motion was subsequently held on January 19, 2006. According to the record, on the morning of the hearing, the plaintiffs attempted to file an opposition to the motion for summary judgment with a letter attached from their expert witness, Dr. Antoine Keller, in which he discussed alleged breaches in medical care.

After oral argument, the trial court took the matter under advisement[1] and entered reasons for judgment on April 24, 2006, in which it stated:

> Plaintiffs bear the burden of proof at trial. Defendant has pointed out the absence of factual support for one or more elements essential to plaintiff's case. Because plaintiffs have failed to produce factual support in the form of medical expert testimony to establish they will be able to satisfy their evidentiary burden of proof at trial, defendant's motion for summary judgment is granted at plaintiff's costs.

The plaintiffs appeal, arguing that the "[m]otion was granted contrary to the law and jurisprudence" as the trial court "gave no consideration to the facts offered by [them]." The plaintiffs concede that Dr. Keller's conclusions were stated in a letter rather than an affidavit; however, they contend that "the opposition should be review[ed] 'indulgently.'"

## Discussion

*Standard of Review & Summary Judgment*

In *Ceasar v. Hebert*, 06-374, p. 2 (La.App. 3 Cir. 11/2/06), 941 So.2d 678, 679-70, this court explained the standard employed for reviewing motions for summary judgment:

> An appellate court reviews motions for summary judgments de novo and employs the same criteria as the trial court in deciding whether summary judgment is appropriate. *Lafleur v. Aftco Enterprises, Inc.*, 05-127 (La.App. 3 Cir. 4/5/06), 927 So.2d 1200. "A motion for summary judgment will be granted 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law.' La.Code Civ.P. art. 966(B)." *Id*. at 1202.

---

[1] We note that the trial court agreed that the plaintiffs could submit a corrected copy of their opposition to summary judgment to the Clerk of Court's Office and allowed Riverland to respond to it. However, the record does not further indicate that the opposition was filed as it does not contain either the opposition or the attached letter. *See Thibodeaux v. Ferrellgas, Inc.*, 98-862, p. 11 (La.App. 3 Cir. 1/6/99), 741 So.2d 34, 41, *writ denied*, 99-0366 (La. 3/26/99), 739 So.2d 797, where this court held that "[t]he trial court could have taken the [late filing] under advisement while it considered memoranda from all parties and then determined whether to exercise its discretion and admit it."

The mover bears the initial burden of proof to show that no genuine issue of material fact exists. However, if the mover will not bear the burden of proof at trial, he need not negate all essential elements of the adverse party's claim, but he must point out that there is an absence of factual support for one or more elements essential to the claim. La.Code Civ.P. art. 966(C)(2). Once the mover has met his initial burden of proof, the burden shifts to the nonmoving party to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden at trial. *Id.*

*Standard of Care*

Riverland contends that the motion for summary judgment was properly granted insofar as there was no evidence that Riverland breached the applicable standard of care. It argues that this court should not consider the letter from Dr. Keller because it was not in affidavit form and timely filed under La.Code Civ.P. art. 966(B), which provides in pertinent part:

> For good cause, the court shall give the adverse party additional time to file a response, including opposing affidavits or depositions. The adverse party may serve opposing affidavits, and if such opposing affidavits are served, the *opposing affidavits and any memorandum in support thereof shall be served pursuant to Article 1313 at least eight days prior to the date of the hearing* unless the Rules for Louisiana District Courts provide to the contrary. (Emphasis added).

At the hearing on the motion for summary judgment, Riverland objected to the admission of the letter into evidence. It went on to state why summary judgment should be granted in its favor:

> We submit in support of the summary judgment the Medical Review Panel opinion, the affidavit of each of the three physicians who served on the opinion, again reiterating their opinion that the care -- in fact, if I might read it into the record. They stated "The material presented to the panel for its review demonstrated excellent documentation of Ms. Thompson's hospitalization at Riverland Medical Center and established excellent response to and appropriate care of Ms. Thompson's condition during her hospitalization. The panel is further of the opinion that Ms. Thompson died of a massive pulmonary embolus and that the pacemaker did not play any part in her death." These panelists, again when presented with the opinion later and asked them to do affidavits, and

3

they did same so we have that in the record. . . . For those reasons, Your Honor, we would maintain that our Motion for Summary Judgment is proper, it is timely, it is not premature as suggested. . . . In fact, if anything, we waited a long time to file it and there is still no evidence, proper evidence, presented in opposition to the Motion for Summary Judgment.

In response, the plaintiffs explained why they waited until the morning of the hearing to file the opposition and the letter into evidence. They contended that the letter should preclude summary judgment:

We did do a phone conference with Your Honor concerning the obtaining of the medical expert and we indicated we would have it within that period of time. We were working with some attorneys other places who said they could provide experts. They just had not provided those experts for us up until that point. As I say it in the memo, and Mr. Pfefferle is correct concerning the time limits of this, the response under the Article of Civil Procedure is eight days prior to that and this has not been done. However, to rule against the defendant [sic] solely for that reason when it is clear that the defendant has the -- that the spirit, if not the letter of the law in responding to this, I think would be unfair. Concerning the merits of the case and Your Honor obviously has also received this only on this morning, so I'm not certain what time you have had to be able to review the information that Dr. Keller gave us on this. But I would differ again, and I can't specifically criticize Mr. Pfefferle [defense counsel] for saying this because he has only received the letter of Dr. Keller on yesterday. But Dr. Keller does find omissions in the care that Mrs. Thompson received at Riverland. The things that he was concerned about was because of the complaint she made when she was admitted. There were certain types of care, prophylactic care that should have been taken to avoid the problems which he -- and he opined is deep vein thrombosis. That is his opinion based on his review of the medical record. It is not in the form of an affidavit. That can be obtained at some point within in [sic] a period of time. . . . [T]he facts that should be presented to a trier of fact, I think are present here with the opinion of Dr. Keller. And we would ask that the Court deny the Motion for Summary Judgment.

After reviewing the record, we find that Riverland's motion for summary judgment was properly granted. In *Young v. Mobley*, 05-547, p. 5 (La.App. 3 Cir. 3/1/06), 923 So.2d 917, 920, this court recently stated:

Louisiana Revised Statute 9:2794 provides the applicable burden of proof for a plaintiff in a medical malpractice case. That article

4

provides that a plaintiff must establish the following elements by a preponderance of the evidence: (1) the standard of care applicable to the defendant; (2) that the defendant breached that standard of care; and (3) that there was a causal connection between the breach and the resulting injury. Generally, expert testimony is required to establish the applicable standard of care and whether or not that standard of care was breached. *Butler*, 876 So.2d 259 (citing *Davis v. Atchison*, 37,832 (La.App. 2 Cir. 10/29/03), 859 So.2d 931).

Because the plaintiffs have the burden of proof of trial, Riverland must show that "there is an absence of factual support for one or more elements essential to the [plaintiffs'] claim." La.Code Civ.P. art. 966(C)(2). At the hearing, Riverland entered into evidence the Medical Review Panel Opinion in which it concluded that "[t]he material presented to the Panel for its review demonstrated excellent documentation of Mrs. Thompson's hospitalization at Riverland Medical Center and established excellent response to, and appropriate care of, Mrs. Thompson's condition during her hospitalization." As Riverland established that the plaintiffs would be unable to prove a breach of the standard of care, the burden then shifted to the plaintiffs "to produce factual support sufficient to establish that [they] will be able to satisfy [their] evidentiary burden at trial." La.Code Civ.P. art. 966(C)(2).

Here, the plaintiffs did not attempt to file their opposition to summary judgment, with the letter from Dr. Keller attached thereto, until the morning of the hearing. Louisiana Code of Civil Procedure Article 966(B) (emphasis added) states that the plaintiffs' "opposing affidavits and any memorandum in support thereof shall be served pursuant to Article 1313 *at least eight days prior to the date of the hearing*." Because the plaintiffs did not file their opposition at least eight days prior to the hearing, they cannot establish by expert testimony, *i.e.*, Dr. Keller's letter, the applicable standard of care and a breach thereof. Furthermore, even if the opposition and the letter were served within the requisite time period, the letter would not be

5

admissible because it was not submitted in affidavit form or as an attachment to an affidavit. *See* La.Code Civ.P. art. 966(B); *Mouton v. Sears Roebuck*, 99-669, p. 8 (La.App. 3 Cir. 11/3/99), 748 So.2d 61, 66, *writ denied*, 99-3386 (La. 2/4/00), 754 So.2d 232 (wherein this court held that "[u]nsworn and unverified documents are not of sufficient evidentiary quality to be given weight in determining whether there is a genuine issue of material fact.")

The plaintiffs failed to produce factual support sufficient to establish that they would be able to prove their claim at trial. As no genuine issue of material fact exists, Riverland's motion for summary judgment was properly granted.

Therefore, this assignment is without merit.

## DECREE

For the foregoing reasons, the judgment of the trial court granting the defendant's motion for summary judgment is affirmed. All costs of these proceedings are assessed against the plaintiffs, Dora Thompson Brown, et al.

**AFFIRMED.**