STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

09-461

REBECCA DJORGHI

VERSUS

CYNTHIA A. GLASS, M.D., ET AL.

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 20075194
HONORABLE KRISTIAN D. EARLES, DISTRICT JUDGE

**********

MARC T. AMY
JUDGE

**********

Court composed of Marc T. Amy, Billy Howard Ezell, and James T. Genovese, Judges.

AFFIRMED.

Marc W. Judice
Judice & Adley
Post Office Drawer 51769
Lafayette, LA 70505-1769
(337) 235-2405
COUNSEL FOR DEFENDANTS/APPELLEES:
    Louisiana Medical Mutual Insurance Company
    Cynthia A. Glass, M.D.

R. Scott Iles
Post Office Box 3385
Lafayette, LA 70502
(337) 234-8800
COUNSEL FOR PLAINTIFF/APPELLANT:
    Rebecca Djorghi

AMY, Judge.

The plaintiff brought a medical malpractice action against the defendant physician alleging that the defendant's substandard post-operative infection management caused the plaintiff damages for medical expenses, lost wages, pain and suffering, and disfigurement. The trial court granted summary judgment for the defendants, and the plaintiff appealed. For the following reasons, we affirm.

## Factual and Procedural Background

On May 23, 2005, the plaintiff, Rebecca Djorghi, underwent bilateral breast augmentation performed by the defendant, Dr. Cynthia Glass. Following the procedure, the plaintiff developed an infection in her left breast which was treated by intravenous antibiotic therapy at Our Lady of Lourdes hospital. In October 2005, the plaintiff filed a complaint with the Louisiana Patients' Compensation Fund adverse to the defendant alleging the defendant deviated from the applicable standard of medical care. According to the petition, a medical review panel rendered a unanimous opinion in favor of the defendant finding the defendant did not breach the standard of medical care on August 30, 2006. The plaintiff subsequently filed suit against the defendant and Louisiana Medical Mutual Insurance Company in September 2007. The defendant then propounded interrogatories and requests for production of documents seeking the identity of any experts the plaintiff consulted to testify at trial as to an alleged breach in the standard of care. The record indicates that the plaintiff did not identify any such expert.

On February 29, 2008, the defendant filed a Motion for Summary Judgment. After a November 3, 2008 hearing, the trial court granted the defendant's Motion for Summary Judgment, dismissing the defendant and the insurer. The plaintiff appeals, arguing that the motion was granted absent sufficient evidence.

**Discussion**

A motion for summary judgment is reviewed on appeal *de novo*, with the appellate court using the same criteria as the trial court to determine whether summary judgment is appropriate; whether there is a genuine issue of material fact, and whether the movant is entitled to judgment as a matter of law. La.Code Civ.P art. 966; *Samaha v.Rau*, 07-1726 (La. 2/26/08), 977 So.2d 880. A motion for summary judgment shall be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and the mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(B). Louisiana Code of Civil Procedure Article 966(C)(2) provides:

> The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.

In the present case, the defendant, who is the movant in the Motion for Summary Judgment, does not bear the burden of proof at trial on the issue of whether medical malpractice was committed. Louisiana Revised Statutes 9:2794(A) provides "that a medical malpractice plaintiff must establish the following elements by a preponderance of the evidence: (1) the standard of care applicable to the defendant; (2) that the defendant breached the standard of care; and (3) that there was a causal connection between the breach and the resulting injury." *See Brown v. Riverland Med. Ctr.*, 06-1449, p.4 (La.App. 3 Cir. 3/7/07), 952 So.2d 889, 892, *writ denied*,

2

07-0740 (La. 6/1/07), 957 So.2d 177. Expert testimony is generally required for a medical malpractice plaintiff to establish the applicable standard of care and breach of that standard of care. *Samaha*, 977 So.2d 880. Thus, the defendant is only required to point out that there is an absence of factual support for one or more elements essential to the plaintiff's claim to support that there is no genuine issue of material fact. *Id.*

The plaintiff argues that the defendant did not produce competent evidence to support the Motion for Summary Judgment and shift the burden of proof to the plaintiff. This argument is without merit. Recall that it is the plaintiff who will be required to bear the burden of proof at trial. In this instance, La.Code Civ.P. 966(C)(2) governs, as it provides that the moving party, here the defendant, bears its initial burden on the motion by pointing out an absence of support for an essential element of the adverse party's case. *See Samaha*, 977 So.2d 880.

On the record before us, it is clear that the defendant met its initial burden. The plaintiff contends that the motion should have failed because the defendant failed to offer a certified copy of the medical review panel opinion into the record.[1] In *Samaha*, the supreme court found that the medical review panel opinion is "expert medical evidence that may be used to support or oppose any subsequent medical malpractice suit[;]" however, in that case, they found the doctor "bore his burden of proof on the motion for summary judgment in this matter with the support of the interrogatory responses alone." *Samaha*, 977 So.2d at 890-891.

---

[1]Although the transcript of the hearing indicates that a certified copy of the opinion was, in fact, introduced at the hearing, the copy of the medical review opinion included in the record before this court is the copy introduced when the defendant filed its motion. It appears to be uncertified.

In this case, the plaintiff's petition confirms that the medical review panel found "no breach of the standard of care on the part of the healthcare provider." The defendant confirmed this allegation in her petition. As pleadings, these are proper considerations for summary judgment per La.Code Civ.P. art. 967(C)(2). Furthermore, the defendant introduced interrogatories propounded on the plaintiff in October 2007, asking for the identification of expert witnesses. There is no indication in the record that, as of the November 2008 hearing date, the plaintiff had identified an expert.

The record shows that the plaintiff has only offered the deposition testimony of one of the medical review panel members in which he confirms that the medical review panel's opinion that the defendant did not breach the applicable standard of care remains his opinion.[2] Even this testimony, which offers no support for the plaintiff's position, was not introduced into evidence and was only attached to its memorandum in opposition to summary judgment. The plaintiff has not offered any expert alleging that the defendant breached the standard of care. Expert testimony is

_____

[2]Q:     Is that medical review panel Opinion still your opinion today, Doctor?

 A:     Yes.

Q:     Doctor, do you have an opinion as to whether any third party, that is, not Ms. Djorghi and not Dr. Glass was responsible for the eventual infection that this lady sustained resulting in treatment at Our Lady of Lourdes for an infection after her breast implant?

A:     I do not think a third party was responsible.

....

A:     You're asking me if I don't think it was a third party and I don't think it was Ms. Djorhi? I don't. I think it just happened. I don't know that you can really say what or who caused it. I don't think it was a surgical site infection occurring at the time of the surgery. I think that would be very unusual for a surgical site infection to display itself three months postoperatively. She could have had – I mean, the implants can get infected from a variety of reasons. I don't think we really know what happened in this case.

generally required for a medical malpractice plaintiff to establish the applicable standard of care unless the "negligence is so obvious that a lay person can infer negligence without the guidance of expert testimony." *Samaha*, 977 So.2d at 884. Without sufficient evidence produced by the plaintiff to establish that she will be able to prove the claim at trial, no genuine issue of material fact exists, and the defendant's Motion for Summary Judgment was properly granted.

## DECREE

For the forgoing reasons, the judgment of the trial court granting the defendant's Motion for Summary Judgment is affirmed. All costs of these proceedings are assessed against the plaintiff-appellant, Rebecca Djorghi.

**AFFIRMED.**