# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 11-291

**CLAYTON BIAS, ET AL.**

**VERSUS**

**FREDERICO DELTORO, ET AL.**

\*\*\*\*\*\*\*\*\*\*\*\*

**APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-2010-4632, DIV. B
HONORABLE JULES D. EDWARDS, III, DISTRICT JUDGE**

\*\*\*\*\*\*\*\*\*\*\*\*

**J. DAVID PAINTER
JUDGE**
\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, J. David Painter, and James T. Genovese, Judges.

**REVERSED AND REMANDED.**

Dorwan G. Vizzier
Broussard, Halcomb, & Vizzier
P.O. Box 1311
Alexandria, LA 71309-1311
COUNSEL FOR PLAINTIFFS/APPELLANTS:
    Clayton Bias, individually and as administrator of the estate of his
    minor child, Courtney Bias, and Danielle Bias, and Jeremy Bias

James R. Shelton
Durio, McGoffin, Stagg & Ackermann
P.O. Box 51308
Lafayette, LA 70505
COUNSEL FOR DEFENDANTS/APPELLEES:
    Dr. Frederico Del Toro, Dr. Rolando Saenz, and Louisiana Medical
    Insurance Company

**Marc W. Judice**
**Michelle R. Judice**
**Judice & Adley**
**P.O. Box 51769**
**Lafayette, LA  70505-1769**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **Dr. Steven J. Snatic and Louisiana Medical Mutual Insurance Company**

**PAINTER, Judge**

Plaintiffs in this medical malpractice suit appeal the grant of summary judgment in favor of one of the multiple healthcare-provider defendants and his insurer as well as the denial of their motion to continue. For the reasons that follow, we reverse the grant of summary judgment in favor of Dr. Steven Snatic and his insurer, Louisiana Medical Mutual Insurance Company (LAMMICO), and remand that matter to the trial court.

### FACTS AND PROCEDURAL HISTORY

The present matter arises out of a medical malpractice claim brought by Plaintiffs, Clayton Bias, individually and as administrator of the minor child, Courtney Bias, and Danielle Bias, and Jeremy Bias, against Dr. Federico Del Toro (a physician practicing in the field of internal medicine), Dr. Steven Snatic (a neurologist), Dr. Rolando Saenz (an infectious disease physician), Dr. Akshey Gupta (a nephrologist), and LAMMICO (which insured each of the named healthcare providers). Defendants treated the decedent, Ruby Bias, who was the wife of Clayton and the mother of Courtney, Danielle, and Jeremy, at Our Lady of Lourdes Regional Medical Center in Lafayette, Louisiana, from February 4, 2007, until her death on February 23, 2007. Mrs. Bias had a history of lupus and was taken to the emergency room at Opelousas General Hospital on February 4, 2007, after her husband was unable to awaken her from a nap. She was transferred to Our Lady of Lourdes later that day. She was eventually diagnosed with cryptococcal meningitis. Plaintiffs claim that Defendants failed to provide appropriate care, that her underlying medical condition was misdiagnosed, and that Mrs. Bias died as a result thereof.

A medical review panel, comprised of Dr. Julio E. Figueroa, II (a specialist in the field of infectious disease), Dr. Kevin R. Hargrave (a neurologist), and Dr.

Leo P. Blaize (a specialist in internal medicine), found that the care administered by the named healthcare providers was appropriate and within the standard of care because Mrs. Bias was appropriately diagnosed with membranous glomerulonephritis and that when she presented with encephalopathy. The panel further found that it was appropriately assumed and diagnosed, based on MRI and CT findings, that she had cerebritis, and treatment of this presumptive diagnosis did result in improvement of her condition. The panel specifically noted that it is well established in the literature that a diagnosis of cryptococcal meningitis is difficult to make and even more so in an immunocompromised patient.

Following the medical review panel's April 5, 2010 opinion, Plaintiffs filed this suit. Dr. Del Toro, Dr. Saenz, and LAMMICO filed a motion for summary judgment based on the panel opinion. Dr. Snatic, Dr. Gupta, and LAMMICO also filed a motion for summary judgment. The motions alleged that despite the lapse of over two years from the filing of the complaint, Plaintiffs failed to identify any experts to testify to as to a breach in the standard of care. The motions for summary judgment were set for hearing on December 13, 2010. Plaintiffs moved for a continuance based on their allegation that their expert physician, Dr. David Pitrak, had advised them that he would be unable to provide an affidavit until after the first week of December 2010. The motion to continue was addressed by telephone conference and denied by the trial court. The hearing on the motions for summary judgment went forward as scheduled, with Plaintiffs re-urging their motion to continue, which was again denied. Plaintiffs submitted the affidavit of Dr. Paul O. Warshawsky, a cardiologist and board certified internist, in opposition to the motions for summary judgment. The trial court then denied the motion for summary judgment as to Dr. Del Toro and LAMMICO as his insurer. The trial court granted the motion for summary judgment in favor of Dr. Saenz, Dr. Snatic,

Dr. Gupta, and LAMMICO as the insurer of these physicians. As Plaintiffs had no opposition to the motions of Dr. Saenz and Dr. Gupta, this appeal concerns only the trial court's grant of summary judgment in favor of Dr. Snatic and his insurer, LAMMICO, and the denial of Plaintiffs' motion to continue.

## DISCUSSION

In *Djorghi v. Glass*, 09-461, pp. 2-3 (La.App. 3 Cir. 11/4/09), 23 So.3d 996, 998, *writ denied*, 09-2614 (La. 2/5/10), 27 So.2d 306, this court discussed the standard of review applicable to summary judgments in medical malpractice cases:

> A motion for summary judgment is reviewed on appeal de novo, with the appellate court using the same criteria as the trial court to determine whether summary judgment is appropriate; whether there is a genuine issue of material fact, and whether the movant is entitled to judgment as a matter of law. La.Code Civ.P. art. 966; *Samaha v. Rau*, 07-1726 (La.2/26/08), 977 So.2d 880. A motion for summary judgment shall be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and the mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(B). Louisiana Code of Civil Procedure Article 966(C)(2) provides:

> > The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.

> > In the present case, the defendant, who is the movant in the Motion for Summary Judgment, does not bear the burden of proof at trial on the issue of whether medical malpractice was committed. Louisiana Revised Statutes 9:2794(A) provides "that a medical malpractice plaintiff must establish the following elements by a preponderance of the evidence: (1) the standard of care applicable to the defendant; (2) that the defendant breached the standard of care; and (3) that there was a causal connection between the breach and the

5

resulting injury." *See Brown v. Riverland Med. Ctr.*, 06-1449, p. 4 (La.App. 3 Cir. 3/7/07), 952 So.2d 889, 892, *writ denied*, 07-0740 (La.6/1/07), 957 So.2d 177. Expert testimony is generally required for a medical malpractice plaintiff to establish the applicable standard of care and breach of that standard of care. *Samaha*, 977 So.2d 880. Thus, the defendant is only required to point out that there is an absence of factual support for one or more elements essential to the plaintiff's claim to support that there is no genuine issue of material fact. *Id.*

Here, Dr. Snatic will not bear the burden of proof at trial on the issue of whether medical malpractice was committed. Plaintiffs must prove the three aforementioned things. La.R.S. 9:2794(A). Dr. Snatic met his initial burden of proof on his motion for summary judgment based on the panel's opinion that there was no breach in the applicable standard of care, which is an essential element of Plaintiffs' claim. Thus, the burden shifted to Plaintiffs. In an attempt to meet that burden, Plaintiffs submitted the affidavit of Dr. Warshawsky. Defendants, Dr. Snatic and LAMMICO, contend that this affidavit was insufficient to defeat their motion for summary judgment because it did not demonstrate the "training or experience" required by La.R.S. 9:2794(D)(1)(c).

Ordinarily, "[w]hen alleged acts of negligence raise issues peculiar to a particular medical specialty, then only those qualified in that specialty may offer evidence of the applicable standards." *Richard v. Wijayasuriya*, 93-1410, p. 10 (La.App. 3 Cir. 10/5/94), 645 So.2d 708, 713, *writ denied*, 95-158 (La. 3/17/95), 651 So.2d 273 (citing *Boudreaux v. Panger*, 490 So.2d 1083 (La.1986) and *Felice v. Valleylab, Inc.*, 520 So.2d 920 (La.App. 3rd Cir.1987), *writs denied* 522 So.2d 562, 522 So.2d 563 (La.1988)). However, this court, in *Hebert v. Podiatry Ins. Co. of America*, 96-567, p. 10 (La.App. 3 Cir. 10/9/96) 688 So.2d 1107, 1113, *writs denied*, 96-2726, 96-2728 (La. 1/6/97) 685 So.2d 117, recognized that:

"it is a specialist's knowledge of the requisite subject matter, rather than the specialty within which the specialist practices, which determines whether a specialist may testify as to the degree of care

6

which should be exercised;...." *Turner* [*v. Massiah*, 94-29 (La.App. 5 Cir. 7/1/94)]; 641 So.2d [610,] at 617[, *reversed in part on other grounds*, 94-2548 (La.6/16/95); 656 So.2d 636]; *Soteropulos* [*v. Schmidt*, 556 So.2d [276] at 278 [(La.App. 4 Cir. 1990)]. Where medical specialties overlap, a specialist in one field can testify as to the standard of care applicable to a procedure which is common to both disciplines, where there is no proof that the standard of care is different in each discipline. The party offering the expert must prove the witness' training, expertise, and skill in the procedure. *Ricker v. Hebert*, 94-1743 (La.App. 1 Cir. 5/5/95); 655 So.2d 493. The determination of an expert's qualifications to testify as to the standard of care must be made on a case-by-case basis. *McLean v. Hunter*, 495 So.2d 1298 (La.1986).

The trial court determined that the affidavit of Dr. Warshawsky did not contain any assertions that he possessed, by experience or training, competency in the field of neurology. Based on this finding, the trial court stated: "There simply is no assertion that he possesses that experience or training, so there is no need to even think about evaluating the credibility of such assertions."

After our thorough review of the record, we find that there is a specific assertion in Dr. Warshawsky's affidavit that the standards of care of internal medicine and neurology that are at issue in this case with respect to the care and treatment of Mrs. Bias by Dr. Snatic, that is the diagnosis and treatment of cryptococcal meningitis and associated complications in patients with lupus, are common to the specialties of internal medicine and neurology and that the standards of care "are common to both the specialties and are equivalent and known" to him. Dr. Warshawsky further opined that Dr. Snatic breached the standard of care, that said breach contributed to the progression of the cryptococcal meningitis, and that said breach caused Mrs. Bias to lose a substantial chance of survival. We find that there are genuine issues of material fact as to whether or not Dr. Snatic deviated from the standard of care as alleged by Plaintiffs, and, thus, the trial court erred in granting the summary judgment in favor of Dr. Snatic. We

7

therefore reverse the trial court's grant of summary judgment in favor of Dr. Snatic and his insurer and remand the matter to the trial court for further proceedings.

Plaintiffs finally argue that, if we agree with the trial court that the affidavit of Dr. Warshawsky was insufficient to defeat the motion for summary filed by Dr. Snatic, then we should find an abuse of discretion by the trial court in not granting their motion to continue. We will not disturb the denial of a motion for continuance absent a showing of an abuse of discretion by the trial court. *Hargrove v. Goods*, 41,817 (La.App. 2 Cir. 2/28/07), 953 So.2d 968. However, based on our reversal of the trial court's grant of summary judgment in favor or Dr. Snatic and his insurer, we need not address this issue.

### DECREE

For all of the foregoing reasons, the summary judgment granted in favor of Dr. Snatic and his insurer, LAMMICO, is reversed, and the matter is remanded for further proceedings. Costs of this appeal are assessed to Defendants/Appellees, Dr. Steven J. Snatic and LAMMICO.

**REVERSED AND REMANDED.**