# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 14-1042

**DAVID DURHAM, ET AL.**

**VERSUS**

**DR. DAVID BROWN, ET AL.**

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
THIRTY-SIXTH JUDICIAL DISTRICT COURT
PARISH OF BEAUREGARD, NO. C-2013-0357
HONORABLE H. WARD FONTENOT, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

## ULYSSES GENE THIBODEAUX
## CHIEF JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Ulysses Gene Thibodeaux, Chief Judge, John D. Saunders, and Phyllis M. Keaty, Judges.

**AFFIRMED.**

**John Gregory Bergstedt**
**Fraser, Wheeler & Bergstedt**
**4350 Nelson Road**
**P. O. Box 4886**
**Lake Charles, LA 70606-4886**
**Telephone: (337) 478-8595**
**COUNSEL FOR:**
    **Defendants/Appellees - Dr. David Brown and Dr. Chuen Kwok**

**Randall Scott Iles**
**P. O. Box 3385**
**Lafayette, LA 70502**
**Telephone: (337) 234-8800**
**COUNSEL FOR:**
    **Plaintiffs/Appellants - David Durham and Robert Durham**

**René J. Pfefferle**
**Jennifer M. Durham**
**Watson, Blanche, Wilson & Posner**
**P. O. Drawer 2995**
**Baton Rouge, LA 70821-2995**
**Telephone:  (225) 389-5511**
**COUNSEL FOR:**
   **Defendants/Appellees - West Louisiana Health Services, Inc., Beauregard Memorial Hospital Home Health Agency, and West Louisiana Health Services, Inc.**

**THIBODEAUX, Chief Judge.**

In this medical malpractice case, Plaintiffs David and Robert Durham appeal the trial court's grant of several medical providers' motions for summary judgment. Plaintiffs filed suit against Beauregard Memorial Hospital Home Health Agency, Dr. David Brown, and Dr. Chuen Kwok for allegedly providing negligent medical care to Plaintiffs' mother before her death. Defendants moved for summary judgment, contending Plaintiffs lacked the necessary expert testimony to meet their burden of proof at trial. At a hearing on the matter, Plaintiffs sought to prove their malpractice claim with letters purportedly written by medical experts. The trial court did not consider the letters because they were not in affidavit or equally reliable form and ruled in favor of Defendants. Because we find Plaintiffs' letters are not of sufficient evidentiary quality to create a genuine issue of material fact, we affirm.

I.

**ISSUE**

We must determine whether the trial court erred in granting Defendants' motions for summary judgment.

II.

**FACTS AND PROCEDURAL HISTORY**

David and Robert Durham are the sons of Catherine Durham, a former patient of Dr. David Brown. Dr. Brown performed a cholecystectomy on Ms. Durham in 2006. Following her surgery, Ms. Durham received postoperative care from Dr. Chuen Kwok, a urologist, and Beauregard Memorial Hospital Home

Health Agency ("BMH"). Roughly two weeks after her cholecystectomy, Ms. Durham was admitted to Beauregard Memorial Hospital with complaints of abdominal pain. In the following days, Dr. Brown performed two procedures on Ms. Durham, one with the assistance of Dr. Kwok. Roughly two days after her second procedure, Ms. Durham died.

After Ms. Durham's death, David and Robert Durham filed suit against Dr. Brown, Dr. Kwok, and BMH. In their petition for damages, the sons, individually and on behalf of their mother, sought survival and wrongful death damages arising from Defendants' alleged negligence in the medical care rendered to Ms. Durham. Dr. Brown and Dr. Kwok answered and filed a Motion for Summary Judgment, contending that Plaintiffs lacked the necessary expert testimony to support their malpractice claim. In support of their motion, the doctors attached a copy of a medical review panel opinion unanimously finding that Defendants complied with the applicable standard of care in regards to their medical treatment of Ms. Durham. The doctors also attached a set of unanswered interrogatories that had been posed to Plaintiffs. BMH answered and filed a Motion for Summary Judgment on the same grounds, along with the same medical review panel opinion.

Plaintiffs did not file a formal opposition to Defendants' motions, but did email three documents to Defendants two days before a hearing on the matter: (1) an affidavit of a nurse, which spoke to a potential breach of the applicable standard of care by BMH; (2) a letter, purportedly written by a urologist, wherein it was alleged that Dr. Kwok breached the standard of care; and (3) an unsigned letter, purportedly written by a doctor, which alleged a breach in the applicable standard of care and causation between the breach and Ms. Durham's death.

2

At a hearing on the motions for summary judgment, Defendants introduced a certified copy of the medical review panel opinion attached to their original motion and the affidavits of two medical review panel members, which Defendants stated they had previously sent to the court and opposing counsel. Defendants argued that Plaintiffs could not meet their evidentiary burden because the affidavit of Plaintiffs' nurse was untimely served and failed to testify as to causation, an essential element of their claim. Defendants also argued that Plaintiffs' letters were inadmissible due to their form. Plaintiffs conceded that their nurse could not testify as to causation, which they sought to prove through the letters from their doctors. Plaintiffs further contended that they were not aware of the need to present their doctors' countervailing expert opinion in affidavit form because no affidavits had been attached to Defendants' motions for summary judgment or filed with the court prior to the hearing.

The trial court found that Defendants' medical review panel opinion was sufficient to shift the evidentiary burden to Plaintiffs. The court chose not to consider Plaintiffs' letters because they were not in affidavit or equally reliable form, and it ultimately found that Plaintiffs had failed to overcome their evidentiary burden. The trial court granted Defendants' motions and allowed Plaintiffs to proffer their supporting evidence. Plaintiffs appealed.

III.

**STANDARD OF REVIEW**

Grants of summary judgment are subject to de novo review "using the same criteria that govern the trial court's consideration of whether summary judgment is appropriate, i.e., whether there is a genuine issue of material fact and whether the mover is entitled to judgment as a matter of law." We shall consider the

> record and all reasonable inferences that may be drawn from it in the light most favorable to the non-moving party. If the mover will not bear the burden of proof at trial on the matter, then he must only present evidence showing a lack of factual support for one or more essential elements to the non-mover's case. Once the mover has made a prima facie case that the motion should be granted, the non-mover must then present evidence sufficient to show a genuine issue of material fact. If the non-mover fails to present some evidence that he might be able to meet his burden of proof at trial, the motion should be granted.

*Smith v. Rapides Healthcare Sys., L.L.C.*, 13-1172, pp. 3-4 (La.App. 3 Cir. 3/5/14), 134 So.3d 122, 125 (citations omitted).

IV.

## LAW AND DISCUSSION

Plaintiffs contend the trial court erred in granting Defendants' motions for summary judgment because the motions lacked adequate evidentiary support. We disagree. Defendants presented sufficient evidence to shift the evidentiary burden to Plaintiffs, who failed to establish their ability to carry their burden of proof at trial.

To prevail in a medical malpractice action, a plaintiff must demonstrate by a preponderance of the evidence: (1) the applicable standard of care; (2) a breach of the applicable standard of care; and (3) a causal connection between the breach and the resulting injury. La.R.S. 9:2794. Generally, expert testimony is required to establish the applicable standard of care and whether a breach of that standard occurred, "except where the negligence is so obvious that a lay person can infer negligence without the guidance of expert testimony." *Samaha v. Rau*, 07-1726, p. 6 (La. 2/26/08), 977 So.2d 880, 884.

4

Defendants bore the initial burden of demonstrating a lack of factual support for at least one essential element of Plaintiffs' claim. *See* La.Code Civ.P. art. 966(C)(2). Here, Defendants met their burden with the submitted medical review panel opinion. The panel unanimously found a lack of factual support for the contention that there was a breach of the standard of care, an essential element of Plaintiffs' claim. Contrary to Plaintiffs' argument on appeal, a medical review panel opinion finding a lack of factual support for an element of a plaintiff's claim has consistently been found to meet a defendant's evidentiary burden as mover in a summary judgment proceeding. *See LeCroy v. Byrd Reg'l Hosp.*, 10-904 (La.App. 3 Cir. 2/2/11), 56 So.3d 1167; *Brown v. Riverland Med. Ctr.*, 06-1449 (La.App. 3 Cir. 3/7/07), 952 So.2d 889, *writ denied*, 07-740 (La. 6/1/07), 957 So.2d 177; and *Young v. Mobley*, 05-547 (La.App. 3 Cir. 3/1/06), 923 So.2d 917. As such, the burden shifted to Plaintiffs to present evidence sufficient to show that they could be able to satisfy their burden of proof at trial.

The record indicates expert testimony was required to establish Plaintiffs' malpractice claim, as the negligence alleged was not so obvious it could be inferred without the aid of experts. *See Samaha*, 977 So.2d 880. Plaintiffs conceded that the only expert testimony they had to attest to medical causation, an essential element of their claim, was in the form of letters. To begin, the letters were untimely served under La.Code Civ.P. art. 966(B). Moreover, the letters lack the evidentiary quality to create a genuine issue of material fact. This court has found that "[u]nsworn and unverified documents," such as letters, "are not of sufficient evidentiary quality to be given weight in determining whether there is a genuine issue of material fact." *Mouton v. Sears Roebuck*, 99-669, p. 8 (La.App. 3 Cir. 11/3/99), 748 So.2d 61, 66, *writ denied*, 99-3386 (La. 2/4/00), 754 So.2d 232

5

(citations omitted); *See also Brown*, 952 So.2d 889. "The requirement that documents be verified or authenticated is not merely a mechanical one of form only. It is based on the fundamental fact that such documents are not self-proving." *Handy v. Union Pac. R.R. Co.*, 04-1277, p. 9 (La.App. 3 Cir. 3/2/05), 896 So.2d 316, 322 (citations omitted). For the foregoing reasons, Plaintiffs' letters will not be given weight in our determination.

A review of the record reveals no other expert testimony in support of Plaintiffs' claim. There are references in the record to the untimely served affidavit of Plaintiffs' nurse, but the affidavit itself was not provided on appeal. Even if the affidavit had been provided, it would be unavailing. Plaintiffs already conceded that the affidavit alone could not establish the necessary elements of their malpractice claim. Since Plaintiffs have "fail[ed] to produce factual support sufficient to establish that [they] will be able to satisfy [their] evidentiary burden…at trial, there is no genuine issue of material fact." La.Code Civ.P. art. 966(C)(2). Accordingly, we affirm the trial court's grant of Defendants' motions for summary judgment.

V.

## CONCLUSION

For the foregoing reasons, we affirm the trial court's grant of Defendants' motions for summary judgment. Costs of this appeal are assessed against David Durham and Robert Durham.

**AFFIRMED.**

6