# NOT DESIGNATED FOR PUBLICATION

## STATE OF LOUISIANA

## COURT OF APPEAL

## FIRST CIRCUIT

### 2019 CA 1615

### LYNELL JACKSON ROSS

### VERSUS

### DR. FRANCES RALPH DAUTERIVE, DR. BRUCE CLELAND, AND EAST BATON ROUGE MEDICAL CENTER, LLC D/B/A OCHSNER MEDICAL CENTER-BATON ROUGE

Judgment Rendered: __DEC 0 2 2020__

* * * * * * *

APPEALED FROM THE NINETEENTH JUDICIAL DISTRICT COURT,
IN AND FOR THE PARISH OF EAST BATON ROUGE
STATE OF LOUISIANA
DOCKET NUMBER 627316

HONORABLE TRUDY WHITE, JUDGE[1]

* * * * * * *

| | |
|---|---|
| DaShawn P. Hayes<br>New Orleans, Louisiana | Attorney for Plaintiff/Appellant<br>Lynell Ross |
| Ann M. Halphen<br>L. Adam Thames<br>William H. Patrick, IV<br>Baton Rouge, Louisiana | Attorneys for Defendants/Appellees<br>Dr. Francis Ralph Dauterive and<br>Dr. Bruce Cleland |

**BEFORE: McDONALD, WELCH, and CHUTZ, JJ.**

---

[1] Judge Todd Hernandez presided over the trial and signed the judgments. After Judge Hernandez retired Judge Trudy White took over the docket.

Chutz, J. concurs (by JMM)

**McDonald, J.**

In this medical malpractice case, the plaintiff underwent a robotic assisted laparoscopic hysterectomy, which resulted in a perforation of the small bowel, requiring a bowel repair surgery. Thereafter, plaintiff had complications. Plaintiff filed suit against the doctor who performed the hysterectomy and the doctor who performed the bowel repair surgery. The case went to trial, and after presentation of plaintiff's case, the judge granted a directed verdict to the doctor who performed the hysterectomy. After trial, the jury found no negligence by the doctor who performed the small bowel repair. The trial court rendered judgments dismissing both doctors. Plaintiff appeals the trial court judgments. After review, we affirm.

## FACTS AND PROCEDURAL HISTORY

In this medical malpractice case, the plaintiff, Lynell Jackson Ross, filed suit against the defendants, Dr. Francis Ralph Dauterive, an obstetrician and gynecologist, and Dr. Bruce Cleland, a general surgeon (hereafter the defendants).[2] On May 27, 2011, Ms. Ross underwent a robotic assisted laparoscopic hysterectomy performed by Dr. Dauterive. The hysterectomy was complicated by abdominal adhesions. Ms. Ross's small bowel was perforated, resulting in a bowel repair surgery, which was performed by Dr. Cleland immediately after the hysterectomy. A few days after the procedure, Ms. Ross developed an ileus (bowel had not returned to normal function). She also experienced some vaginal bleeding after the procedure and was treated at the hospital a few weeks later.

Thereafter, Ms. Ross submitted a complaint to a medical review panel. The medical review panel unanimously determined that the evidence did not support a conclusion that the defendants failed to meet the appropriate standard of care. The

---

[2]Ms. Ross also named East Baton Rouge Medical Center, LLC d/b/a Ochsner Medical Center-Baton Rouge, as a defendant, but later voluntarily dismissed it from the suit.

2

panel concluded that Ms. Ross had a known complication of a hysterectomy, and that the "occurrence of an enterotomy is not an unusual complication when lysing [cutting through] adhesions." The panel concluded that Dr. Dauterive recognized the complication in a timely fashion and involved the appropriate consultant. The panel further concluded that Dr. Cleland managed the enterotomy appropriately.

Ms. Ross filed suit, maintaining that the defendants were negligent, had breached the duties owed to her, and had caused her injury. She asserted that the care rendered to her by the defendants fell below the applicable standard of care. Ms. Ross prayed for judgment in her favor.

Dr. Dauterive and Dr. Cleland answered the petition, maintaining that they were qualified healthcare providers entitled to the immunities and limitations of liability set forth in the Louisiana Medical Malpractice Act, and further, that they met the standard of care, and did not cause injury to Ms. Ross.

Prior to trial, the defendants filed a **Daubert**[3] motion seeking to exclude the testimony of Ms. Ross's expert witness, Dr. Norman Samuels, a general surgeon, asserting that he was not qualified and that his opinions hinged upon faulty assumptions, deficient methodology, and were otherwise impermissibly speculative and unreliable. The defendants maintained that Dr. Samuels was not board-certified by the American College of Surgeons, had not performed a surgery since at least 2006, and had not performed a hysterectomy in at least 20 years.

After a hearing, the trial court ruled that Dr. Samuels possessed the education, qualification, and experience necessary to testify as an expert in the field of general surgery and abdominal surgery, and specifically, that he could render an opinion on the hysterectomy performed on the plaintiff. The trial court

---

[3] Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993).

ruled that Dr. Samuels was not qualified to render an opinion in the fields of obstetrics and gynecology, and that the remaining arguments by defendants to exclude Dr. Samuels were "weight of the evidence" questions to be determined at trial.

The case proceeded to trial, and after the plaintiff rested her case, the defendants moved for a directed verdict. The trial court found that Ms. Ross failed to show the standard of care within the field of obstetrics and gynecology in the community. The trial court then granted Dr. Dauterive's motion for directed verdict and dismissed Ms. Ross's claims against him. The trial court denied Dr. Cleland's motion for directed verdict.

After the trial, the jury rendered its verdict, finding that Dr. Cleland did not breach the standard of care. The trial court rendered judgments dismissing the claims against Dr. Dauterive and Dr. Cleland with prejudice. Ms. Ross appealed the judgments.

Ms. Ross makes the following assignments of error.

1. The jury erroneously [rendered] a verdict that[Ms. Ross] did not prove by a preponderance of [the] evidence that [she] sustained injuries that were caused by the subject incident when [Ms. Ross] presented expert testimony that Dr. Cleland was negligent in allowing the perforated small bowel to remain open during the hysterectomy, allowing the hysterectomy to be completed prior to closing the perforated small bowel, and allowed the contents of the small bowel to drain into . . . [Ms. Ross].

2. The trial court erroneously granted . . . Dr. Dauterive's [m]otion for [d]irected [v]erdict when [Ms. Ross] presented evidence that he twice perforated the small bowel . . . during an elective, optional hysterectomy, allowed the contents of the small bowel [to] leak . . . and continued the hysterectomy procedure before closing the perforated small bowel.

3. The trial court erroneously granted in part the Defendants' Motion to Exclude the Expert Testimony of Dr. Normal Samuels when Dr.

4

Samuels possessed the requisite knowledge, skill and training to render [an] opinion in the field of obstetrics and gynecology as he has practiced medicine since 1952, has received a plethora of medical education [in] the subject field and performed over a thousand hysterectomies.

## ASSIGNMENT OF ERROR NO. 3

In this assignment of error, Ms. Ross asserts that the trial court erroneously granted in part the defendants' motion to exclude the expert testimony of Dr. Samuels.

A trial court is accorded broad discretion in determining whether expert testimony should be held admissible and who should or should not be permitted to testify as an expert. **McGregor v. Hospice Care of Louisiana in Baton Rouge, LLC,** 2013-1979 (La. App. 1 Cir. 10/24/14), 2014 WL 5422188, at *4.

> Under La. R.S. 9:2794, an expert must possess the requisite knowledge about the applicable standard of care. Ordinarily, when alleged acts of negligence raise issues peculiar to a particular medical specialty, then only those qualified in that specialty may offer evidence of the applicable standards. **Bias v. Del Toro,** 11-291, p. 6 (La.App. 3rd Cir.10/5/11), 77 So.3d 993, 996, *writ denied,* 11-2410 (La.2/3/12), 79 So.3d 1026. However, because it is the specialist's knowledge of the requisite subject matter, rather than the specialty within which the specialist practices, that determines whether a specialist may testify as to the degree of care that should be exercised, where medical disciplines overlap, a specialist in one field can testify as to the standard of care applicable to those areas of the practice of medicine that are common to both disciplines, where there is no proof that the standard of care is different in each discipline. *See* **Ricker v. Hebert,** 94-1743, p. 4 (La.App. 1st Cir.5/5/95), 655 So.2d 493, 495; **Corley v. State. Department of Health and Hospitals,** 32,613, p. 7-8 (La.App. 2nd Cir.12/30/99), 749 So.2d 926, 931-932.

**McGregor v. Hospice Care of Louisiana in Baton Rouge, LLC,** 2014 WL 5422188, at *5.

Dr. Samuels is a general surgeon. He has never been board-certified in obstetrics and gynecology and was never a practitioner of obstetrics or gynecology. Dr. Samuels has not performed a hysterectomy since before 1985, and he has never

5

performed a laparoscopic hysterectomy or a robotic assisted hysterectomy. Dr. Samuels has not performed any surgery at all since 2006.

The trial court ruled that Dr. Samuels could testify regarding general surgery and abdominal surgery and to render an opinion on the hysterectomy performed on the plaintiff, but that he was not an expert in the field of obstetrics and gynecology. We find no abuse of the trial court's broad discretion in this evidentiary ruling. This assignment of error has no merit.

## ASSIGNMENT OF ERROR NO. 2

In this assignment of error, Ms. Ross maintains that the trial court erroneously granted Dr. Dauterive's motion for directed verdict as she presented evidence that he twice perforated her small bowel during the hysterectomy, allowed the contents of the small bowel to leak, and continued the hysterectomy procedure before the perforated small bowel was repaired.

On appeal, the standard of review for directed verdicts is whether, viewing the evidence submitted, the appellate court concludes that reasonable people could not reach a contrary verdict. **Hutchinson v. Hausmann**, 2008-0219 (La. App. 1 Cir. 11/14/08), 2008 WL 4908756, *2.

The plaintiff must establish the standard of care applicable to the physician, a violation by the physician of that standard of care, and a causal connection between the physician's alleged negligence and the plaintiff's injuries resulting therefrom. **Pfiffner v. Correa**, 94-0924 (La.10/17/94), 643 So.2d 1228, 1233. *See* La. R.S. 9:2794(A). To meet this burden of proof, the plaintiff generally is required to produce expert medical testimony. **Boudreaux v. Mid-Continent Cas. Co.**, 2005-2453 (La. App. 1 Cir. 11/3/06), 950 So.2d 839, 844, writ denied, 2006-2775 (La.1/26/07), 948 So.2d 171.

Although the jurisprudence has recognized exceptions in instances of obvious negligence, those exceptions are limited to instances in which the medical and factual issues are such that a lay jury can perceive negligence in the charged physician's conduct as well as any expert can, or in which the defendant/physician testifies as to the standard of care and there is objective evidence, including the testimony of the defendant/physician, that demonstrates a breach thereof. **Hutchinson v. Hausmann**, 2008 WL 4908756, at *3.

Dr. Dauterive testified that during the course of the hysterectomy, he accidentally caused two small rents in Ms. Ross's small bowel. He then consulted with Dr. Cleland to determine whether to proceed with the hysterectomy before proceeding with the procedure to repair the bowel rents. Dr. Dauterive testified that the complications suffered by Ms. Ross were recognized complications of the surgery.

As Ms. Ross did not provide expert testimony to establish the standard of care of an obstetrician and gynecologist in the community, we find that reasonable people could not reach a verdict contrary to the trial court's grant of a directed verdict in favor of Dr. Dauterive. *See* **Hutchinson v. Hausmann**, 2008 WL 4908756, at *2.

### ASSIGNMENT OF ERROR NO. 1

In this assignment of error, Ms. Ross maintains that the jury erroneously determined that she did not prove by a preponderance of the evidence that she sustained injuries that were caused by Dr. Cleland's negligence.

It is well settled that a court of appeal may not set aside a trial court's or a jury's finding of fact in the absence of manifest error or unless it is clearly wrong, and where there is conflict in the testimony, reasonable evaluations of

7

credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. **Rosell v. ESCO**, 549 So.2d 840, 844 (La.1989). The issue to be resolved by a reviewing court is not whether the trier of fact was right or wrong, but whether the factfinder's conclusion was a reasonable one. **Stobart v. State through Dept. of Transp. and Development**, 617 So.2d 880, 882 (La. 1993).

Dr. Samuels testified that Dr. Cleland's failure to instruct Dr. Dauterive to abandon the hysterectomy and Dr. Cleland's failure to immediately repair the rents in the small bowel was a breach in the standard of care of a general surgeon and resulted in damages to Ms. Ross.

Dr. Cleland introduced into evidence the medical review panel opinion that unanimously found that the evidence did not support a conclusion that the defendants failed to meet the appropriate standard of care and that Dr. Cleland managed the enterotomy appropriately. Further, Dr. Cleland testified that it was proper to allow Dr. Dauterive to finish the hysterectomy before repairing the rents to the small bowel because there was a lack of leakage and the hysterectomy was only thirty minutes from completion. Dr. Cleland also testified that surgery causes more adhesions, and if they did not complete the hysterectomy, Ms. Ross would have to wait months for the hysterectomy and potentially face the same adhesion issue over again. After Dr. Dauterive completed the hysterectomy, Dr. Cleland repaired the small bowel rents via bowel resection. Dr. Samuels testified that the technique used by Dr. Cleland to repair the rents was appropriate. Dr. Samuels also testified that there were considerable adhesions in Ms. Ross's abdominal wall.

Dr. Cleland also presented the testimony of Dr. Mark Hausmann, a board certified general surgeon who served as one of three doctors on the medical review

panel. Dr. Hausmann testified that it was reasonable for Dr. Cleland to allow the hysterectomy to be completed before performing the small bowel repair because there was no evidence of leaking of the bowel's contents into the abdomen. Dr. Hausmann further testified that Dr. Cleland's technique was appropriate in repairing the small bowel and that it was within the standard of care. Dr. Hausmann testified that Dr. Cleland appropriately managed Ms. Ross's care and that her post-operative complaints of an ileus and wound infection were not unexpected following the surgery, and those complaints were not the result of a breach of the standard of care.

The jury considered the testimony and evidence presented at trial and determined that Dr. Cleland did not breach the standard of care of a general surgeon in his care of Ms. Ross. This was a reasonable conclusion, and after review, we find no manifest error in the jury's determination. *See* **Stobart v. State through Dept. of Transp. and Development**, 617 So.2d at 882; **Rosell v. ESCO**, 549 So.2d at 844. This assignment of error has no merit.

### DECREE

For the foregoing reasons, the trial court judgment, dismissing the claims of Lynell Jackson Ross against Dr. Francis Ralph Dauterive and Dr. Bruce Cleland with prejudice, is affirmed. Costs of this appeal are assessed against the plaintiff, Lynell Jackson Ross.

**AFFIRMED.**